PEETS *vs.* BRATT.

> Where a complaint alledged that on a certain day, and at a certain place, the defendant, by his promissory note in writing, for value received, promised to pay to the plaintiff or bearer, a specified sum; that he had not paid the same; but was indebted to the plaintiff therefor; *Held,* on demurrer, that this was sufficient; although there was no allegation that the defendant delivered the note, and the complaint did not state when the note was payable, nor whether the same was due, or not, nor that the plaintiff was the owner or holder of the note.

THIS was a demurrer to the complaint. The complaint alledged, that on a certain day, and at a certain place named therein, the defendant, "by his promissory note in writing for value received, promised to pay" to the plaintiff "or bearer, the sum of eight hundred and thirty-nine dollars with interest, and he has not paid the same, but is justly indebted to the plaintiff therefor; wherefore the plaintiff demands judgment," &c. The

Peets *v.* Bratt.

causes specified in the demurrer were, " that the complaint does not state that the note in said complaint mentioned, was ever delivered to the plaintiff, or any other person, as for a valid note. That the complaint does not state when said note was payable, by the terms of it ; nor whether the same is or is not due ;" and it " does not state, whether the plaintiff is or is not the owner or holder of said note."

*M. I. Townsend,* for the defendant.

*J. Pierson,* for the plaintiff.

HAND, J. In *Churchill* v. *Gardner,* (7 *T. R.* 596,) the declaration alledged that one Bavin made the bill of exchange, directed to the defendant, requesting him to pay the plaintiff or order, and that the defendant accepted it. There was a demurrer, because it was not stated that Bavin delivered the bill to the plaintiff. But the court said the delivery was included in the allegation that B. made the bill. That if B. did not intend to put it in circulation when he made it, that was matter of defense under the general issue. (*And see Smith* v. *McClure,* 5 *East,* 476.) The new forms of pleading adopted by the English courts in 1831, (*See* 7 *Bing. Rep.*) state that the note was " delivered," &c. but Mr. Chitty, in a note, says this is unnecessary. (*Chit. on Bills,* 551, *note,* 10*th Am. ed.*) The old forms contain the same allegation, (*see Vol.* 2 *of Chit. Plead.*) but upon these, Mr. Chitty makes the same remark. (*Chit. on Bills,* 360, 490, *note* 12, 7*th Am. ed.* 73, 573.) *Churchill* v. *Gardner* was on a bill of exchange, but the court put a note upon the same footing, and so does Mr. Chitty. Two of the new forms upon which Mr. C. comments, (first and third,) are upon promissory notes. (*And see Cunliffe* v. *Whitehead,* 3 *Bing. N. C.* 828.) In *Henry* v. *Burbidge,* (3 *Id.* 501,) it was held that in an action by indorsee against drawer a promise must be alledged. But Tindall, C. J. said an action against an acceptor rested on different grounds, and " the acceptance constitutes, in effect, a promise to pay, and the liability of a

Peets *v.* Bratt.

payor is like that of an acceptor, in most respects. Perhaps it would have been as well to have insisted upon an allegation of delivery ; and this complaint is very loose. But it seems to me *Churchill* v. *Gardner* must control, until overruled. Of course, the note must in fact be delivered. (*Chamberlain* v. *Hopps*, 8 *Verm. Rep.* 94.) But in pleading, other words are deemed equivalent. This complaint states that the defendant, by his note, promised to pay the amount of the note to the plaintiff, and that the defendant is justly indebted to him therefor. This, I think, is at least equal to an allegation that the defendant made the note.

The remaining objections are not tenable. If the plaintiff has parted with the note, the defendant must show that fact. And as to the time of payment, where no time is expressed in the note, that is fixed by law. (*Gaylord* v. *Van Loan*, 15 *Wend.* 308. *Thompson* v. *Ketchum*, 8 *John.* 146.)

The plaintiff must have judgment, with leave to the defendant to amend on payment of costs.

Judgment for the plaintiff.