Duer, J.
We think that the learned judge who tried this cause rightly instructed the jury to find a verdict for the plaintiff for the full amount that was claimed, since we agree with bim in the opinion that the proof wholly failed to sustain the defence set up in the answer. All the material allegations in the complaint were admitted by the answer; and there was, in reality, no question of fact arising upon the pleadings and evidence that could properly have been submitted to the determination of the jury.
It has been contended that the answer sets up two or more defences not inconsistent with each other, and distinct in themselves ; but it seems to us quite evident that the only defence which it sets up is that of usury. It is true, that the answer alleges that the defendant received no value for the note in suit, and that it was misapplied by the agent in whose hands it was placed to be negotiated for his benefit; but it contains no averment that either the plaintiff, or Bulkley and Clafflin, from whom he purchased the note, or Beecher, to whom it was first negotiated, had any notice of its fraudulent misapplication, nor was there the slightest evidence to bring home this knowledge to either of them. The plaintiff, indeed, purchased the *263 note when it was overdue, and therefore took it subject to any-subsisting equity; but no equity, of which the defendant was entitled to avail himself, is either averred', or proved, to have been then attached to it. Hence, the averment that the defendant received no consideration for the note, when he placed it in the hands of Crandall, is not otherwise important than as connected with, and indeed forming a necessary part of, the defence of usury. As to the allegation of a partial payment, it is not distinctly connected even in the answer with the note in controversy; and the proof offered upon the trial related wholly to other notes, and was therefore properly rejected as irrelevant. The whole case, therefore, turns upon the question whether the defence of usury, as set forth in the answer, was established by the evidence upon the trial; or, more properly, was any evidence given in support of this defence which the judge ought to have submitted to the jury; and the necessary answer to this question is, that not only were the allegations in the answer embodying the defence of usury unsustained by proof, but they were, in reality, contradicted and disproved by the very witnesses who were adduced to support them.
The allegations in the answer are, that the note in suit and two other note,s made by the defendant,—one for $840 16, the other for $590 16,—a note of F. A. Tallmadge for $150, another of L. Schlosser for $117 50, another by W. Durbridge for $750, and another by R. Hunter for $418 87, were all delivered by Crandall to Davenport, and by him placed in the hands of Beecher, as collateral security for three several loans made to him by Beecher, one of $500 on the 18th March, 1851, one of $1,000 on the 9th of April, and the last of $1,370 75 on or about the 16th May, in the same year; and that each of these loans was made upon an express agreement that Davenport should pay, and Beecher receive, 18f cents upon each $100 for each day that the loan or forbearance should continue.
The transaction, as proved by Davenport, was, that on the 18th March he borrowed from Beecher the sum of $1,500, on the security of the note in suit, of another note made by the defendant for $716 93, a note of R. Heslewood for $450, and the Schlosser note for $117 50, and none other; and that when this loan was made there was no specific agreement whatever *264 between him and Beech'er as to the rate of interest' to be paid.
The answer alleges that there were three loans, founded upon the security of seven different notes, and upon an express agreement for the payment of an usurious rate of interest.
The proof is, that there was but a single loan, not corresponding in amount with either of those stated in the answer, founded upon the security of four notes only, two of which are not mentioned at all in the answer, and accompanied by no agreement whatever as to the rate of interest.
It is needless now to inquire whether other circumstances were not proved by Davenport, from which the jury i would have been warranted to infer that .the loan made to him was, in fact, usurious, notwithstanding there was no express agreement to that effect at the time of the loan; for even had an express, contemporaneous, and clearly usurious agreement been proved, it would still have been the duty of the judge to have instructed the jury that, from the variance between the usury as alleged, and the usury as proved, the defence had wholly failed, and consequently, that the plaintiff was entitled to their verdict. He could not have instructed them otherwise, without departing from the rule that has uniformly prevailed in courts of law, as well as of equity, that where usury is specially pleaded, the proof upon the trial or hearing must correspond, in all respects, with the allegations in the pleadings, or the defence will be overruled; unless the correspondence is exact and entire, the proof must be wholly rejected. (Tate v. Willing, 3 Term R. 538; Vroom v. Ditmas, 4 Paige, 526, 533; New Orleans, G. & B. Co. v. Derby, 8 Paige, 458; Rowe v. Phillips, 2 Sand. Ch. Ca. 14.) The last of the cases cited, Rowe v. Phillips, is particularly strong, since the fact of usury was clearly proved, and the only variance between the proof and the allegation was, that the excess, above the legal rate of interest, was somewhat less than the amount specified in the answer.
We certainly have no inclination to depart from the rule which the decisions, to which we have referred, and many others, so clearly establish, nor do we apprehend that the provisions of the Code have released us from the obligation of *265 following it. We have now, indeed, a large discretion in amending pleadings so as to conform them to the facts of the case, as disclosed by the evidence, and we have, not unfrequently, exercised this power at a General Term, even when no motion to amend had been made upon the trial; but, in our judgment, it would not be a proper exercise, but an abuse of our discretion, so to amend an- answer after a trial, as to let in the defence of usury against a holder for value, and without notice, of negotiable paper. It has, however, been insisted, that no amendment of the answer was necessary in the present case, to let in the defence of usury, but that, striking from the answer all the specific allegations which the proof failed to sustain, the defence was admissible under the general denial which the answer contains, that the plaintiff was the lawful holder and owner of the note, and that the defendant was indebted to him thereon in the sum claimed to be due, or in any sum whatever. But these positions appear to us so manifestly groundless, that, had not the defence of usury been specially pleaded, the answer would, in our opinion, have been plainly frivolous, and the plaintiff entitled to an immediate judgment. The answer controverts no material averment in the complaint. It admits the making and transfer of the note, and its possession by the plaintiff, and these are all the facts which the plaintiff was bound to aver, and if denied, to prove, in order to maintain his action. Hence the denial in the answer, that the plaintiff was the lawful owner of the note, and that the defendant was indebted to him thereon, raised no issue of fact whatever, but was a denial merely of a conclusion of law, which, as such, the judge upon the trial, so far from admitting evidence under it, was bound to disregard as irrelevant and nugatory. We are in the constant habit of striking out such a denial as irrelevant or frivolous, and we believe that the same construction has uniformly been given to it by the judges of the Supreme Court. (Pierson v. Squire, 1 Code Rep. 91, id. 84; McMurray v. Gifford, 5 Howard P. R. 14; Biddington v. Davis, 6 Howard, 402.) The Code has given no sanction to the revival in any form of a general issue, under which facts, in their nature constituting a defence, although not aA'erred in the answer, may be given in evidence upon the *266 trial; and facts tending to prove that a promissory note, or any other contract, was void in its origin upon the ground of usury, fraud, duress, &c., are, in their nature, just as certainly matter of defence, as facts subsequently arising; and .there exists, consequently, thesame necessity for averring them specifically in the answer. The system of pleading which the Code has introduced, whatever objections upon other grounds may be made to it, rests upon very sound and obvious principles. The complaint must distinctly aver all these facts which, if denied, the plaintiff must, in the first instance, prove upon the trial, in order to maintain his action. The answer must aver as distinctly all those which, when the case of the plaintiff is admitted or proved, the defendant must prove, in order to defeat a recovery. There are other questions arising upon the evidence in this case, which we have deemed it unnecessary to consider. It may be seriously doubted, whether the note in suit was not a valid business note, in the hands of Crandall, and if not, whether there was any evidence that it was first transferred upon a usurious consideration, that, under any state of the pleadings, conld properly have been submitted to the jury; but we decline to express a definite opinion upon these questions, as we prefer to place our decision upon the single ground, that no other defence than that of usury was set up in the answer, and that the allegations in the answer were wholly unsustained by the proof.
The exceptions stated in the case are overruled,. and the judgment upon the verdict affirmed with costs.