## SUPREME COURT.

### CHAPPELL agt. BISSELL.

A complaint in an action on a promissory note, alleging the making of the note by the defendant, and giving a copy thereof, containing, as payee, the initial letter of plaintiff's Christian name, and his surname in full; and further alleging that there is due to the plaintiff, on the note from the defendant, a sum named, for which, with interest from a specified day, the plaintiff demands judgment, is good, both under § 162 of the Code, and independent of that section.

*Monroe Special Term, October*, 1854.—DEMURRER to the complaint.

The body of the complaint is as follows :—" The above named plaintiff says, that on the 7th day of April, 1854, the defendant made his promissory note in writing, of which the following is a copy, viz. :—

" ' $1,500.                        Rochester, April 7, 1854.
" ' Three months after date, I promise to pay to the order of J. Chappell, fifteen hundred dollars, at the Rochester City Bank, with interest—value received.

" ' J. W. BISSELL.'

" And further says, that there is due to him. thereon, from the said defendant, the sum of $791.64; for which amount,with interest from the 7th day of August, 1854, the said plaintiff demands judgment against the said defendant."

The ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action.

SELAH MATHEWS, for defendant.
G. F. DANFORTH, for plaintiff.

T. R. STRONG, Justice. In my opinion, the complaint is sufficient, both under § 162 of the Code, and independent of that section. It alleges the making of the note, which includes delivery to the payee ;—(Churchill agt. Gardner, 7 Term Rep. 596 ; Russell agt. Whipple, 2 Cow. 536 ;)—gives a copy of the note, in which " J. Chappell " is named as the payee ; and avers that there is due to the plaintiff, on the note, a sum named, for which, with interest, the plaintiff demands judgment. Here is a full compliance with § 162 referred to ; and also with subdivision 2 of § 142. It must be implied, in support of the pleading, that " J. Chappell " is the plaintiff, as much as it would be that " James Chappell " and the plaintiff are identical, if the full name had been given as payee. The production of the note in evidence, by the plaintiff, would clearly be sufficient evidence of title without endorsement; it would be presumed, from his possession of the note, and the

similarity of the name therein to his, that the plaintiff is the payee ;—(*Forman* agt. *Stebbins*, 4 *Hill*, 181 ;)—and the same thing should be intended, and regarded as impliedly alleged, from the pleading containing the facts raising such a presumption. The name, "J. Chappell," may mean the plaintiff as much as "James Chappell." It may mean another person, as "James Chappell" might. But it will be construed, in like manner as "James Chappell" would be, to mean the plaintiff, in order to sustain the complaint. (*Wyatt* agt. *Aland*, *Salk.* 325; *King* agt. *Stevens*, 3 *East.* 244.) From the plaintiff suing on the note, it must be assumed, so far as the pleading is concerned, to be in his possession.

The plaintiff must have judgment on the demurrer.