## SUPREME COURT.

### SAMUEL L. MITCHELL agt. J. BURROWS HYDE and ANN MARIA HYDE.

An averment in the complaint that the note was payable to the order of A—— B——, (the defendant,) and subsequently endorsed by him in blank, and transferred to the plaintiff, is a sufficient averment of the plaintiff's ownership or title to the note

*New-York Special Term, March,* 1855.

TRIAL by the court—mortgage foreclosure case.—The facts will sufficiently appear in the opinion.

Mitchell agt. J. B. Hyde and Ann Maria Hyde.

BURRILL, DAVISON & BURRILL, *for plaintiff*.
VAN BUREN & ROBINSON, *for defendants*.

COWLES, Justice. The first question to be disposed of is the objection raised by the defendants, that the complaint contains no sufficient averment that the plaintiff is the owner of the notes mentioned therein.

The complaint alleges that the notes were payable to the order of J. Burrows Hyde, subsequently endorsed by him in blank, and transferred to the plaintiff.

This, I think, is a sufficient averment of the plaintiff's ownership, or title to the notes.

An endorsement in blank makes the note payable to the holder, (*James* agt. *Chalmers*, 1 *Duer*, 52,) and, with the allegation that the notes were transferred to the plaintiff, makes out a sufficient averment that the plaintiff was the owner and holder of the notes in question. (*Appleby* agt. *Elkins*, 2 *Sand. S. C. R.* 672.) Besides, the answer itself is to be deemed an admission that the notes were originally transferred to the plaintiff, but sets up a subsequent parting with them to the Fulton Bank.

The objection, therefore, that the complaint does not show facts sufficient to constitute a cause of action, so far as relates to the plaintiff's title to the notes, is untenable, and the defendant's objection to that effect overruled.

The court find that the notes and bond and mortgage were given, made and executed as set forth in the complaint, and that they all belonged to the plaintiff at the time of the commencement of the action.

That the notes set forth in the complaint are due.

That the amount due, by the notes and bond and mortgage, on the 20th of March, 1855, was $5,151.63.

Upon these facts the plaintiff is entitled to a decree of foreclosure and sale of the premises set forth in the complaint—with costs of action.

The objection raised by defendants that the bank had no right to part with the notes, without a vote of the board of directors, cannot be sustained.

The Fulton Bank only received payment of a debt, but did not part with property within the meaning of the statute. (1 *R. S. 591, § 8.*)

Let the usual decree, with costs, be entered, that the premises be sold by the sheriff of the city and county of New-York.