## SUPREME COURT.

### Brown agt. Mitchell and others.

It is not a valid objection to the amendment of a clerical error in an answer, that the answer contains the defence of *usury*.

Nor, *it seems*, would it be a valid objection to a motion for leave to put in a defence to the action, that the answer sets up usury.

*New-York Special Term, March,* 1856.

This is a motion for leave to serve an amended answer; the original containing a clerical error, by using the name of the plaintiff instead of that of George Bowman, the assignor of the note in suit, and from whom the plaintiff derives title.

George P. Nelson, *for motion.*

Howard C. Cady, *opposed.*

Davies, Justice. Under ordinary circumstances, such a motion would be granted, as of course.

It is earnestly contended, on the part of the counsel for the plaintiff,.that this correction of the defendant's answer should not be permitted, because they set up the defence of usury.

It may be remarked, as an answer to the objection thus urged, that the present is not like *Bates* agt. *Voorhies*, (7 *How. Pr. R.* 234,) and other cases cited. They were cases where the defendant sought leave to *set up* the defence of usury, which the court for the reasons stated, refused. In the present case that defence is set up or interposed, and the question is, will the court permit the correction of a clerical error. I have no doubt of the duty of the coart to permit it, however unconscionable may be the defence contained in the answer.

But even if this were a motion to permit the defendant to set up or interpose the defence of usury, I should feel it my duty to permit such an answer, under proper circumstances, to be put in.

I cannot but concur with Justice PARKER, in *Grant* agt. *M'Laughlin*, (4 *How. Pr. R.* 216,) where he says, "So long as the statute makes the taking of usury a defence, it was entitled to be treated like any other legal defence, and he would make no discrimination in imposing terms."

In *Catlin* agt. *Gunter*, (1 *Duer*, 253,) the court refused to amend pleadings to conform to the evidence produced on the trial. The reason given was, that "in our judgment, it would not be a proper exercise, but an abuse of our discretion, so to' amend an answer after a trial as to let in the defence of usury against a holder for value."

The judgment of the superior court in this case was reversed in the court of appeals. (1 *Kern*. 368.) The court say, "We are not, I conceive, warranted in applying a different rule to the defence of usury, from that which we would hold applicable in other cases. It is a defence allowed and provided by law. The defendant, in seeking to avail himself of the evidence, notwithstanding the variance,.did not claim an indulgence from the court, but simply asked for the application of those rules which the legislature have provided for all cases indiscriminately, whether the party invoking their exercise was

seeking to visit his adversary with a forfeiture or not.   The law has not made any distinction between such defences and those where no forfeiture is involved, *and the court can make none*.   If the sense of the legislature is plainly expressed, as it seems to me to be, we have no judgment to pass upon the policy of these provisions."

The motion, therefore, must be granted, on payment of $10 costs of opposing.