## NIBLO *a.* HARRISON.

*New York Superior Court; Special Term, November,* 1858.

### PLEADING.—COMPLAINT.

In a complaint by the payee of a promissory note against the maker, it is not necessary to allege that the plaintiff has not parted with the note, or that he is the holder. A complaint showing that the defendant made the note, payable to the plaintiff, and delivered it to him, and that it has not been paid, is sufficient on demurrer.

Demurrer to complaint.

The action was on a promissory note. The allegations of the complaint were in the following form :

"That on ———, at ———, the defendant made his promissory note, dated on the day last named; whereby, on demand, he promised to pay to the plaintiff or his order ——— dollars, for value received, and then and there delivered said note to the plaintiff. And the defendant, though often requested, has not paid the said note, or any part thereof, and the whole amount thereof is now remaining due and unpaid.

" Wherefore," &c.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.*

---

.* The plaintiff moved at special term, in October, for judgment (under section 247 of the Code) upon the demurrer as frivolous. The motion was denied, the following opinion being rendered :

*B. Galbraith,* for the motion.

*W. L. Morris,* opposed.

WOODRUFF, J.—The complaint avers the making by the defendant, and delivery to the plaintiff, of a promissory note, payable on demand to the plaintiff or to his order ; and that " the defendant, though often requested, has not paid the said note, or any part thereof, and the whole amount thereof is now remaining due and unpaid. Wherefore," &c. The cause of demurrer assigned is, that the complaint does not state facts sufficient to constitute a cause of action ; and the defect insisted upon, in opposition to the motion now made for judgment upon the

*B. Galbraith,* for the plaintiff.—I. The complaint · does state facts sufficient to constitute a cause of action. No other *fact* is necessary to be stated.

demurrer as frivolous, is, substantially, that the plaintiff does not appear by the complaint to have, at this time, a cause of action against the defendant upon the note mentioned in the complaint, nor any present interest in the note.

Before the enactment of our Code of Procedure, it was sufficient at law to state, in the complaint or declaration, facts which invested the plaintiff with a legal title to the cause of action. Hence, in an action on a promissory note, if the plaintiff showed legal title in himself, that was a sufficient inducement to the promise which, in assumpsit, was alleged as the gist of the action ; and hence, also, the plaintiff, in such case, was entitled to recover, although he was prosecuting for the sole benefit of some other person, who alone was interested in the recovery.

*Now,* our Code requires that every action be brought in the name of the real party in interest.

It may, therefore, be plausibly insisted, that it should appear by the *averments* in the complaint that the plaintiff is, ·*at the time* of the *commencement* of the action, the party in interest : that the plaintiff should not only state that the defendant made and delivered the note to the plaintiff, but that at the time of suit brought he has an interest therein, or is interested to enforce its payment : that in some form it should appear that the money is due to him, or is payable for his benefit, and that the allegation should be such *that the defendant* can *put it in issue* by a specific denial : that every allegation in this complaint may be true, and yet it does not appear that by law this action can be maintained by the plaintiff, who, when he sues, should show affirmatively that he is a person entitled to maintain this action : that his interest as holder or owner, or beneficially entitled to the money sued for, is a condition precedent to the right to sue, and must be averred : that the note being negotiable, the plaintiff may have transferred it, and yet, if this complaint be sufficient, the plaintiff might recover without even producing the note on the trial : that if the plaintiff claim the right to maintain the action as " trustee of an express trust," or " a person with whom or in whose name a contract is made for the benefit of another" (*Code,* § 113), he should sue in that character ; and that even then it must appear that he holds the note at the time the action is commenced : that the rule of pleading in equity, which was heretofore substantially the same as is now prescribed by the Code, required that a complainant should show by his bill a present interest in the claim he sought to enforce, or that, as trustee for another, it was his right or duty to enforce it ; and if such claim was a money demand, should show that it was due *to him,* either in his own right or as trustee for another.

On the other hand, it may be urged that the plaintiff, having shown legal title in himself by a note payable to himself, will be presumed legally interested in enforcing payment ; that a promise to the plaintiff imports interest in the plaintiff when the promise was made and the note delivered to him ; and it will be presumed that interest continues, and the possession of the note continues with the plaintiff until the contrary appears : that if any transfer of the note has been made, it is for the defendant to set it up in his answer ; and so, also, if for any other reason the plaintiff has no interest, it is matter of defence to be alleged by the defendant.

II. If the defendant admits that a cause of action is shown, but that it is not shown that the plaintiff is the party entitled to sue, then he has mistaken his ground of demurrer. He should have demurred on the ground that the plaintiff has not capacity to sue. (Viburt *a.* Frost, 3 *Abbotts' Pr. R.*, 120 ; Bank of Low-ville *a.* Edwards, 11 *How. Pr. R.*, 216.) 1. A demurrer which stated "that it does not appear that plaintiff had any title to the note when the suit was commencd," was held not to suf-ficiently assign a cause of action of demurrer. (White *a.* Low, 7 *Barb.*, 204.) 2. If the complaint leaves it in doubt whether or not a cause of action is or is not sufficiently expressed, he should have moved to make it definite and certain.

---

To which it may be replied that this inference of fact from the former holding of the note, and the legal title, by the making and delivery, vested in the plain-tiff, may be, as matter of *evidence*, a first presumption, and yet such a presump-tion may not dispense with a proper averment upon which the defendant can take issue : that the production of the note by the plaintiff at the trial may be *prima facie* evidence of ownership, and so evidence of his interest, and yet even that evidence would be unnecessary if the plaintiff is not bound to allege, as well as prove, such interest or ownership ; and that to require the defendant to assume the burden of proving a transfer, of which he may have no knowledge, when the plaintiff has not averred that he holds or owns the note, nor otherwise stated any present interest therein, might enable plaintiffs to recover without averring or proving on the trial any interest in the cause of action ; for obvi-ously, if the defendant is required to set up affirmatively in his answer a trans-fer by the plaintiff, the burden of proof is assumed by him, and if the defendant do not make such proof, the plaintiff would recover without producing the note at all : and again, that the Legislature have intimated a design that the plain-tiff's interest should appear by distinct averment in the complaint, even in the liberal privilege given to the pleader in declaring upon instruments for the payment of money by section 160 of the Code, which permits a plaintiff to give a copy of the instrument upon which he claims to recover; for they have not permitted him to stop when he has set forth the instrument, although it is made by the defendant, and the money is in terms payable to the plaintiff, but he is required to aver that there is "*due to him* thereon, *from the adverse party*," the sum which he claims.

It is not my purpose to express an opinion upon the sufficiency of the com-plaint on this motion. But I suggest these considerations for the purpose of adding, that I cannot regard the demurrer as frivolous.

On deliberate consideration, and after argument, it may be that it will be deemed sufficient for a plaintiff to state that the defendant made and delivered the note to him, and that he has not paid it; but I find no case, decided under the Code, which has gone so far, and I think the defendant is entitled to have the question considered in a more deliberate and formal manner.

Motion denied. Costs of motion $10 to the defendant, to abide the event of the suit.

III. The complaint does sufficiently show a cause of action *in the plaintiff.* The plaintiff being shown once to have been the holder of the note, his continuing the holder is necessarily implied, and what is necessarily implied need not be averred. It will not be presumed that the plaintiff is suing on a note after he has parted with it. (Appleby *a.* Elkins, 2 *Sandf.*, 673 ; Tyler *a.* Corbeire, 8 *How. Pr. R.*, 385 ; Bank of Lowville *a.* Edwards, 11 *Ib.*, 217; Mitchell *a.* Hyde, 12 *Ib.*, 461 ; De Santes *a.* Searle, 11 *Ib.*, 477.) 1. If the complaint had only alleged the making the note without alleging a delivery to the plaintiff, it would have been sufficient. (Conway *a.* Lewis, 8 *Ir. Law R.*, 4.) 2. It is not necessary to anticipate the defence. It is sufficient if the pleading contain a good *prima facie* case, without reference to objections not yet urged. (*Stephens' Pl.*, 350.) 3. If the defendant desires to rely on the fact that plaintiff has indorsed away the note, he must set it up as new matter. (Arthur *a.* Beales, 1 *Exch.*, 608 ; Fraser *a.* Welch, 8 *M. & W.*, 609 ; Barber *a.* Lemon, 12 *Jur.*, 246 ; Rogers *a.* Chilton, 17 *Law J. Ex.*, 8–345; De Santes *a.* Searle, 11 *How. Pr. R.*, 477.) 4. If once held that it is necessary to anticipate possible defences, where will it stop ? Must every possible defence be anticipated ? Must it be alleged that the maker was not an infant ? That the note has not been altered, &c. ?

IV. If the complaint had gone on, and stated that the plaintiff is the owner,—the real party in interest,—the legal owner and holder,—the lawful owner and holder,—the holder and owner, or any equivalent expression,—besides that this would have been a violation of the rule that facts only, and not conclusions of law, are to be stated, it would have put the defendant in no better position. He could not by a mere denial have raised an issue on any of these allegations. (Thomas *a.* Desmond, 12 *How. Pr. R.*, 321 ; Adams *a.* Holley, *Ib.*, 330 ; Ensign *a.* Sherman, 13 *Ib.*, 35; Bentley *a.* Jones, 4 *Ib.*, 202 ; Edson *a.* Dillaye, 8 *Ib.*, 274 ; Tompkins *a.* Acer, 10 *Ib.*, 309 ; Brown *a.* Ryckman, 12 *Ib.*, 313; Russell *a.* Clapp, 7 *Barb.*, 482 ; Hatch *a.* Peet, 23 *Ib.*, 582 ; Seeley *a.* Engell, 17 *Ib.*, 530 ; Fleuret *a.* Roget, 5 *Sandf.*, 646 ; Catlin *a.* Gunter, 1 *Duer*, 253 ; Witherspoon *a.* Van Dolar, 15 *How. Pr. R.*, 266.) The allegation of delivery was the proper mode of stating *issuably* the fact that the plaintiff was the *holder* of the note—i. e., the

Niblo *a.* Harrison.

person having it rightfully in possession. (*Burrell's Law Dict.*, *Holder ; Story on Notes ; Byle's on Bills.*)

V. The complaint need state only such facts as, on a general denial, the plaintiff must prove on the trial to establish his case. (Safford *a.* Drew, 3 *Duer*, 632.) 1. To establish his case on a general denial, the plaintiff must prove :

(1.) The making the note by the defendant.

(2.) The delivery to the plaintiff.

The note is produced, and the defendant's handwriting proved, as the best evidence to establish these facts, and not to prove that the plaintiff continues the holder of the note. 2. A plaintiff may recover without being *in fact* the holder—as, where the note is destroyed, or in possession of the defendant. (Des Artes *a.* Leggett, 16 *N. Y.* (1 *E. P. Smith's*) *R.*, 582 ; Smith *a.* McClure, 4 *East.*, 476.) 3. And where a note is lost, plaintiff can recover on giving an indemnity. (2 *Rev. Stats.*) This shows the question is not who is *the holder in fact ;* but who, on the facts, is entitled to recover. 4. And where the answer admits the making and delivery to the plaintiff, the plaintiff is not bound to produce the note on the trial. (Shearne *a.* Burnam, 10 *Ad. & Ell.*, 593 ; Read *a.* Gamble, *Ib.*, 597 ; Lane *a.* Mullins, 2 *Q. B.*, 254 ; Goodered *a.* Armorer, 3 *Ib.*, 956 ; Lawrence *a.* Clarke, 15 *Law Jur.*, 40, *Ex. ;* Davis *a.* Barker, 16 *Ib.*, 86, *C. P. ;* Barker *a.* Malcolm, 7 *M. & W.*, 101.)

VI. No additional allegation would better the condition of the defendant. If he has knowledge or information of any transfer, he can set it up by answer : if he has not, he cannot put plaintiff to prove the negative, that he *has not* transferred, simply by denying any possible allegation affirming a title in the plaintiff.

*Wm. L. Morris*, for the defendant.

SLOSSON, J.—The demurrer is general, that the complaint does not state facts sufficient to constitute a cause of action.

The facts stated are : that the defendant made the note sued upon, whereby he promised to pay a certain sum to the plaintiff or his order, on demand ; and that he delivered the note to the plaintiff ; and that the defendant, though often requested, has not paid the note, and that the whole amount

thereof is due and unpaid ; wherefore the plaintiff demands judgment.

It is objected that the complaint does not show that the plaintiff is the party in interest, and that the money payable by the terms of the note is due to him.

I think there is nothing in the objection.

The making and delivery of the note to the plaintiff give him a *prima facie* title.

If the complaint had contained an averment that the plaintiff was the lawful holder and owner of the note, or that the amount of the note was due to the plaintiff, it would not have made it any the better,—no issue could have been taken on such averments, as they are mere conclusions of law.

If the plaintiff, since receiving the note, has transferred it to some one else, the defendant may set it up by answer.

The authorities are quite uniform on this question. (11 *How. Pr. R.*, 477 ; 1 *Duer*, 265 ; 2 *Sandf.*, 673 ; 12 *How. Pr. R.*, 461 ; 8 *Ib.*, 388 ; 6 *Sandf.*, 646.)

Judgment must be given for the plaintiff on the demurrer, but with liberty to the defendant to answer within 10 days, on payment of costs of demurrer.