---

## SUPREME COURT.

The President, Directors and Company of the Connecticut Bank agt. A. Freeman Smith, Isaac Van Cleef & Skidmore Pettit.

Where a *demurrer* to a complaint states the objection under the 6th sub. of section 144, "that it does not present facts sufficient to constitute a cause of action, in that, 1st," &c., stating the specific objection, which comes under the 2d sub. of section 144, the inadvertence will be disregarded.

Where an action is brought by a *foreign corporation* on a contract which has not been made with them in their corporate capacity, and by their corporate name, the complaint must allege the *incorporation* of the plaintiffs.

It is not necessary to state the act of incorporation at large, or even refer to it—this, however, must be done, if controverted at the trial—but enough must be alleged to show that it is a corporation, and to indicate the state or country to which it belongs.

*New-York Special Term, July*, 1859.

THIS action was upon a promissory note, and the plaintiffs proceeded to declare upon it without making any mention of the fact of their incorporation, or any reference to the act by which the company was incorporated. The defendants demurred to the complaint and stated the first ground of demurrer (the principal one) as follows: "The defendants in the above entitled action demur to the complaint herein, on the ground appearing on the face thereof, that it does not present facts sufficient to constitute a cause of action, in that: 1st. It does not state that the said Connecticut Bank is a corporate or legally constituted body, and legally entitled to bring an action, either in the name of its president, directors and company, or in any other manner."

MILLER, PEET & NICHOLS, *for plaintiffs*.
GOODMAN & JESUP, *for defendants*.

CLERKE, Justice. Undoubtedly, the demurrer in this action should have been taken under the 2d and not under the 6th subdivision of section 144 of the Code. The want of an allegation showing the capacity of the plaintiffs to sue is not the omission of a constituent fact, essential to the transaction upon which a cause of action is founded. It only affects the character of a party to the alleged transaction. But, although the objection is apparently taken under the 6th subdivision, the objection itself is set forth in express words, "that the complaint does not state that the plaintiffs are a corporation." I consider, therefore, that the manner of stating the objection is a mere inadvertence, at most, a clerical error which could not possibly lead the plaintiffs astray. Disregarding, then, the manner of the objection, is it in itself tenable? It is admitted that the plaintiffs are a foreign corporation. There is

no such corporation, we know, authorized by the laws of this state.

The law only recognizes individuals in their natural capacity, with distinctive christian names, and surnames, and artificial bodies, constituted by the competent authority, allowed to sue and to be sued, bearing some distinctive appellation. Confusion and uncertainty would be the inevitable result, if any number of persons, real or fictitious, were permitted to maintain claims in a court of justice. It would appear, therefore, as a necessary corollary to this, that persons coming into a court of justice to establish or defend claims, or to seek redress, should come in their real individual names, or, if endowed with a corporate capacity, that they should expressly allege it.

But, where the incorporation is created by a general law of the state or country in which the action is commenced, it is then plainly unnecessary, because such incorporation is a portion of the public law, of which the court will take judicial cognizance, and in this state, even a particular law constituting a corporate body, printed in an authorized volume of the statutes, would now make it the subject of judicial cognizance. Nor is it necessary to allege the incorporation, where the defendants have entered into a contract with the plaintiffs in their corporate name, because they thereby admit them to be duly constituted as a body corporate, under such name. This was really the question in *Henriques* agt. *The Dutch West India Co.* (2 *Lord Raymond*, 1535). The plaintiffs in error were estopped, by the recognizance which they had entered into with the defendants in error, from insisting that there was no such company. But, where no such admission has been ever made—where the contract, upon which the action is founded, has not been made with the plaintiffs in their corporate capacity, and by their corporate name—I think there is no sufficient consent of authority, allowing the maintenance of an action by a foreign corporation, without alleging the incorporation. This is the true and reasonable deduction, which has been lost sight of in some recent special term decisions. By

referring to the case of *The Dutchess County Man. Co.* agt. *Davis* (14 *J. R.* 239), it will be observed that this distinction is recognized by the court in *banc*, in the opinion of Chief Justice THOMPSON.

I do not say that it is necessary to state the act of incorporation at large, or even to refer to it—this must be done if controverted at the trial—but enough must be alleged, in actions instituted by foreign corporations, to show, at least, that it is a corporation, and to indicate the state or country to which it belongs. Nothing of the kind appears in this complaint. A certain number of words are put together, which are manifestly neither christian names nor surnames of individuals, and without a single word indicating a corporate existence. This ground of demurrer is, in my opinion, sufficient.

The other specifications, which are properly included under the 6th subdivision of section 144, are not tenable.

Judgment for the defendants on the demurrer, unless the plaintiffs within twenty days amend their complaint, costs of demurrer to defendant to abide event.