### HOOD v. HOFFMANN.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

PLEADING (§ 346*) — MOTIONS — FRIVOLOUS PLEADING — COMPLAINT — SUFFI-
CIENCY.

A demurrer to the complaint in an action on a note which alleges that defendant executed its note on a designated date, payable on a designated future date, to the order of a third person, that no part of the note has been paid, and that prior to its maturity plaintiff was appointed receiver of the third person and authorized to maintain actions as such, is not frivolous, since the complaint does not show that plaintiff acquired title to the note or a right to sue on it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.*]

Appeal from Special Term, New York County.

Action by Robert C. Hood against Henry Hoffmann. From an order granting a motion for judgment for plaintiff on the pleadings, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Lewis B. Brodsky, for appellant.
Henry B. Corey, for respondent.

SCOTT, J. Appeal from order striking out a demurrer to the complaint as frivolous and awarding judgment to the plaintiff. The complaint contains three similar counts. In the first cause of action it is alleged that on June 5, 1908, the defendant made its promissory note, payable on September 30, 1908, to the order of the Greensboro Table Company; that no part of said note has been paid; that on July 28, 1908, plaintiff was appointed receiver of said Greensboro Table Company, and duly authorized to bring and maintain actions as such receiver. The second and third causes of action differ from the first only in the fact that the notes sued upon bear different dates and are payable at different times.

It is observable that the complaint does not allege delivery of the notes to the Greensboro Table Company, nor that such notes were the property of or in the possession of said company when plaintiff was appointed receiver. So far as concerns the failure to allege delivery to the payee, it may be that it is to be presumed, although the pleader has not set out copies of the notes in his complaint. Prindle

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Caruthers, 15 N. Y. 425; Keteltas v. Meyers, 19 N. Y. 231. There does not seem, however, to be any such presumption as to the passing of the notes to plaintiff upon his appointment as receiver; for unless they remained the property of the company until that appointment, which is not alleged, the plaintiff acquired no title to them or right to sue upon them. We do not think that the demurrer can be deemed frivolous, even although, upon more elaborate argument, the complaint might be found to be sufficient.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.