FIRST NAT. BANK OF PITTSBURGH v. STALLO et al.

(Supreme Court, Appellate Division, First Department.　February 6, 1914.)

1. BILLS AND NOTES (§ 462*)—ACTIONS—PLEADINGS—SUFFICIENCY.

In an action on a note, a complaint, alleging that on August 15, 1911, defendants made their promissory note whereby they promised to pay to the order of plaintiff $7,500 on December 15, 1912, with interest at 6 per cent., and that no part has been paid, is sufficient to state a cause of action; the allegations of the making of the note payable to the order of plaintiff importing signing and delivery, and there being a presumption of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1444, 1445–1461, 1464–1466; Dec. Dig. § 462.*]

2. BILLS AND NOTES (§ 493*)—PRESUMPTIONS—CONSIDERATION.

Under the direct provisions of Negotiable Instruments Law (Consol. Laws, c. 38) § 50, the execution and delivery of a promissory note raises a presumption of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. § 493.*]

3. BILLS AND NOTES (§ 471*)—ACTIONS—PLEADINGS—SUFFICIENCY.

In an action on a note, a complaint, alleging the date of the execution of the note, the amount for which it was given, the rate of interest, the date it was due, and that no part had been paid, is sufficient to show the amount due plaintiff, where the date of maturity had passed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1467–1470; Dec. Dig. § 471.*]

Appeal from Special Term, New York County.

Action by the First National Bank of Pittsburgh against Edmund K. Stallo and another.　From an order overruling their demurrer to the complaint, defendants appeal.　Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Rockwood & Haldane, of New York City, for appellants.

John A. Garver, of New York City (Chauncey B. Garver, of New York City, on the brief), for respondent.

LAUGHLIN, J.　The sole ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The complaint is on a promissory note, and, excluding the allegation to the effect that the plaintiff is a national banking corporation and the prayer for relief, the allegations of the complaint are comprised in seven lines of the record.　Such unusual brevity in pleading merits the commendation of the court, and, although on a casual examination it seemed to some of us that a material allegation was omitted, yet on further consideration we are of opinion that the sufficiency of the complaint is sustained by decisions which have been accepted as authority for such a length of time that they should be acquiesced in now, even though were it not for these precedents we might require a further express allegation showing possession and ownership of the note at the time the action was brought.

[1-3] The plaintiff does not set forth a copy of the note pursuant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the provisions of section 534 of the Code of Civil Procedure, which would render its pleading sufficient by merely alleging the amount due to it on the note. It merely alleges as follows:

"On or about August 15, 1911, the defendants made their certain promissory note, dated on that day, whereby they promised to pay to the order of the plaintiff seven thousand, five hundred dollars ($7,500) on December 15, 1912, with interest at the rate of 6 per cent. per annum, but no part thereof has been paid."

The allegation that the promissory note was made by the defendants is equivalent to an allegation, and imports, not only that it was signed, but also that it was delivered to take effect as a negotiable instrument. 8 Cyc. 99, 100; Daniel on Neg. Instruments (6th Ed.) § 63; Peets v. Bratt, 6 Barb. 662; Chappell v. Bissell, 10 How. Prac. 274; Burrall v. De Groot, 12 N. Y. Super. Ct. 379; Prindle v. Caruthers, 15 N. Y. 425; Keteltas v. Myers, 19 N. Y. 231, 232; Bank of Lowville v. Edwards, 11 How. Prac. 216; Conn. Bank v. Smith, 9 Abb. Prac. 168; Abbott's Trial Brief on the Pleadings (2d Ed.) § 155. See, also, Hood v. Hoffman, 132 App. Div. 923, 116 N. Y. Supp. 892. The allegation that the note was made payable to the order of the plaintiff shows that the delivery was to it, and sufficiently shows its ownership; and it was not incumbent upon it, under the authorities, to further allege that it had not parted with possession or title, for those facts will be presumed in the first instance. 8 Cyc. 124; Niblo v. Harrison, 7 Abb. Prac. 447; Mitchell v. Hyde, 12 How. Prac. 460; Taylor v. Corbiere, 8 How. Prac. 385; Appleby v. Elkins, 2 Sandf. 673; Peets v. Bratt, supra; Conn. Bank v. Smith, supra; Chappell v. Bissell, supra; Dart v. Van Horn, 63 Misc. Rep. 119, 115 N. Y. Supp. 1056; Pryce v. Jordan, 69 Cal. 569, 11 Pac. 185; Wilkins v. McGuire, 2 App. D. C. 448, 453. See, also, Beach v. Gallup, 2 Code Rep. 66. It is not alleged that there was any consideration for the note; but it is presumed that there was a consideration for the issuance of a negotiable instrument. Neg. Instruments Law, § 50; 8 Cyc. 109; Underhill v. Phillips, 10 Hun, 591. The demand for judgment is for the face of the note together with interest thereon. A further criticism of the complaint is made, in that the amount due to the plaintiff is not specifically alleged; but it is alleged that no part of the note has been paid, and it necessarily follows that it is all due, since the due date passed before the commencement of the action.

It follows therefore that the order should be affirmed, with $10 costs and disbursements. All concur.