JULES ABRAHAMSON, Respondent, v. DANIEL · H. STEELE, Appellant.

First Department, March 9, 1917.

Bills and notes — pleading — action on promissory note — function of answer — complaint — allegations of delivery and consideration — denial of presumptions of law or of immaterial and unnecessary allegations — defense — lack of consideration — burden of proof.

The real function of an answer is to define the issues and show why plaintiff is not entitled to judgment.

Where a complaint in an action upon a promissory note alleges the making of the note by the defendant, it is unnecessary to allege delivery or consideration, for both are presumed from the issuance of the instrument.

An answer to a complaint in an action on a promissory note which denies allegations of delivery and consideration, constituting mere presumptions of law, and also denies immaterial and unnecessary allegations, is a mere nullity.

Where lack of consideration for the issuance of a promissory note is a defense, it is affirmative in character and the fact relied upon must be alleged.

The burden of producing or coming forward with proof of lack of consideration is upon the defendant.

The burden of proof upon an issue that a plaintiff is bound to establish in order to recover never shifts, even though the evidence consists of presumptions or otherwise.

APPEAL by the defendant, Daniel H. Steele, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of September, 1916, granting plaintiff's motion for judgment on the pleadings.

*Samuel L. Zuckerman*, for the appellant.

*Louis Hess*, for the respondent.

SHEARN, J.:

The real function of an answer is to define the issues and show why plaintiff is not entitled to judgment. Its essential purpose is, therefore, to convey information. In a complaint

upon a promissory note, if the making of the note by the defendant is alleged, it is unnecessary to allege delivery. (*First National Bank* v. *Stallo*, 160 App. Div. 702.) Neither is it necessary to allege consideration, for both delivery and consideration are presumed from the issuance of a negotiable instrument. (Neg. Inst. Law [Consol. Laws, chap. 38; Laws of 1909, chap. 43], § 50; *First National Bank* v. *Stallo, supra*.) When a complaint on a promissory note alleges delivery and alleges consideration it merely alleges presumptions of law. No issue is raised by the denial of a presumption of law or by the denial of immaterial and unnecessary allegations in a complaint. Neither does a denial of presumptions of law or denial of immaterial and unnecessary allegations in a complaint convey any information of the defense relied upon. Such an answer serves no purpose and is a mere nullity. Where lack of consideration for the issuance of a promissory note is a defense it is of an affirmative character, and, in order to be in accord with the function and serve the purpose of an answer, the fact relied upon must be alleged. The expression in certain cases to the effect that the burden of proving the defense of lack of consideration is upon the defendant is loose and has occasionally tended to mislead. What is meant is that the burden of producing or coming forward with proof of lack of consideration is upon the defendant. In other words, in default of any such proof, the plaintiff is entitled to judgment upon the presumptions raised by the law. Where such proof is introduced the burden of proof on this issue, upon the whole case, remains with the plaintiff. There is no such thing as the shifting of the burden of proof upon any issue that a plaintiff is bound to establish in order to recover, whether the evidence consists of presumptions or otherwise.

For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to serve an amended answer within twenty days upon payment of all costs to date.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to amend on payment of costs.