JACOB KOPP and BENJAMIN FEUERSTEIN, Appellants, *v.* HENRY NICHTHAUSER, HARRY RATNER and LOUIS GREENBERG, Copartners, etc., Respondents.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Negotiable instruments — trade acceptance — denials that plaintiffs are holders in due course and for value raise no issue — failure of consideration to be availed of must be pleaded as a separate defense and affirmatively proved — when due execution and delivery are shown it is error to dismiss the complaint on ground that note was without consideration.

In an action upon a trade acceptance denials that plaintiffs are holders in due course and for value and that there is nothing due on the note in suit raises no issue.

Upon the trial plaintiffs' counsel instead of offering the note in evidence and resting on the legal presumptions in his favor called a witness who testified that he executed the note on behalf of his firm and delivered it for value to the plaintiffs. Upon his cross-examination it was developed that in executing the note he did not recall whether he informed his partner of the signing of the paper. *Held,* that his testimony as to the latter fact should have been excluded upon plaintiffs' objection, for if the note was delivered for lack of consideration

the fact should have been pleaded affirmatively by way of separate defense, and established by competent proof.

The dismissal of the complaint at the close of plaintiffs' case, on the ground that there was no consideration for the note in suit, was error for which the judgment entered will be reversed and a new trial ordered.

APPEAL by plaintiffs from a judgment of the City Court of the city of New York dismissing complaint.

*Henry B. Mitchell (Samuel Deutsch*, of counsel), for appellants.

*Silver & Moskowitz (Morris N. Bobis*, of counsel), for respondents.

*Per Curiam.*    The complaint counts upon a trade acceptance; it contains the usual allegations in actions brought to recover on negotiable instruments.    The answer simply denies that the plaintiffs are holders in due course and for value, and that there is nothing due on the note.    The denials raised no issue, are wholly immaterial and a mere nullity.    *Abrahamson* v. *Steele*, 176 App. Div. 865.    Upon the trial, instead of offering the instrument in evidence and resting on the legal presumptions in his favor, counsel for the plaintiff called a witness, who testified that he executed it on behalf of his firm and delivered it for value to the plaintiffs. He was cross-examined and the fact was developed that in executing the document he did not recall whether he informed his partner of the signing of the paper.    This had nothing to do with the case; it was not a fact in issue and should have been excluded upon plaintiff's objection.    If the note was delivered for lack of consideration, to prove the fact it was necessary to set it up affirmatively by way of separate defense.    *Abrahamson* v. *Steele, supra; Watson* v. *Universal Transportation Co., Inc.*, 194 App. Div. 136.    At the close of plaintiff's case the defendant moved to dismiss the complaint, which motion was granted by the court " on the ground there is no consideration."    There was no basis for any such conclusion.    Consideration is not only presumed, but becomes conclusive unless the defendant overcomes the presumption by competent proof.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur.

Judgment reversed.