## MARONY v. WHEELING & L. E. RY. CO.

District Court, S. D. New York.    March 4, 1929.

Cook, Nathan & Lehman, Harold Nathan, Frederick F. Greeman, and Nathan Greene, all of New York City, for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed and R. S. Coutant, all of New York City, for defendant.

BONDY, District Judge.   This action was brought to recover damages alleged to have been sustained by defendant's refusal to convert preferred into common stock.   In the two causes of action set forth in the complaint it is alleged that the certificate of incorporation of defendant provides that its preferred stock shall be convertible into common stock, and that any holder of preferred stock may convert such stock into common stock, dollar for dollar of par value, and that on presentation and surrender to the corporation at its stock transfer agency of certificates of shares of preferred stock so to be converted, the holder of such stock shall be entitled to receive in exchange therefor certificates for shares of common stock at the rate aforesaid, and that the certificates representing the shares of preferred stock provide likewise that shares of preferred stock are convertible into common stock upon surrender to the company at any transfer agency of the certificates for shares of preferred stock so to be converted.

The complaint also alleges that on or about February 7, 1927, plaintiff was the holder and owner of 500 shares of preferred stock issued by defendant and presented and offered to surrender to the defendant at its stock transfer agency in New York City the certificates for the said shares of preferred stock, indorsed in blank, and demanded delivery of certificates for shares of common stock and duly performed all conditions on his part to be performed, and that on or about February 8, 1927, defendant failed, neglected, and refused to deliver to plaintiff a certificate representing 500 shares of its common stock.

The answer sets up as an affirmative defense that the defendant is an interstate common carrier subject to the provision of the Interstate Commerce Act and to the juris-

diction of the Interstate Commerce Commission and to its orders, rules, regulations and practice, and that on or about February 28, 1920, an amendment to the Interstate Commerce Act was enacted, which made it unlawful for any carrier to issue any shares of capital stock, even though permitted by the authority creating the carrier, unless and until the consent and authorization of the Interstate Commerce Commission had been first obtained (49 USCA § 20a); that on or about February 7, 1927, for the first time certain holders of defendant's said preferred stock tendered certificates of preferred stock for conversion into common stock, and defendant thereupon with diligence made application to the Interstate Commerce Commission for leave to issue shares of its common stock in exchange for shares of its preferred stock, and on about February 24, 1927, obtained authorization of the Commission to issue its common stock in exchange for its preferred stock, and thereupon defendant became, and ever since has been, ready, able, and willing to deliver to plaintiff such share of its common stock in exchange for shares of its preferred stock.

The plaintiff moves to strike out these allegations of the answer on the ground that the facts alleged are not sufficient to constitute a defense, and the defendant moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, contending that plaintiff never became a preferred stockholder of record and never made an unqualified demand and surrender, and that plaintiff sold his preferred stock and thereby assigned whatever rights he otherwise might have had.

■ The statement by the defendant, in its certificate of incorporation and stock certificate, that any holder of preferred stock may convert such stock into common stock, imposed the obligation on defendant to use reasonable diligence to do everything necessary to keep itself in readiness lawfully to comply with its promise to convert its preferred stock on presentation and surrender, and therefore imposed the obligation on it to obtain with diligence the approval of the Commission.

■ There is no provision in the Interstate Commerce Act which modified this obligation on the part of the defendant to the holder of preferred stock. The act did not attempt to make defendant's agreement void, nor did it operate to give the defendant the right to violate or modify its obligation to convert on presentation and surrender, by delaying, neglecting, or failing to apply for such approval during the seven years that elapsed between the enactment of the amendment in 1920 and the plaintiff's demand in 1927. The defendant cannot plead as a defense that it was unlawful to convert upon presentation and surrender, in view of the fact that the defendant had failed to make application to the Commission for approval.

As plaintiff states in his brief, it has been the practice of the Commission to grant approval to the issuance of stock in order to enable corporations to comply with their agreements to convert, though the time of demand for conversion had not arrived.

The facts set forth as a first affirmative defense, therefore, in my opinion, do not constitute any defense to a cause of action based on an absolute refusal to convert.

■ In view of the fact that the defendant's certificates state that any holder of preferred stock may convert such stock into common stock, the allegation in the complaint that the plaintiff was a holder of such stock is sufficient without any allegation as to whether or not he was a holder of record. If the words in the certificates meant, as defendant contends, only a holder of record, then plaintiff's allegation that he was the holder of stock must be held to mean holder of record. The words "any holder of preferred stock" cannot be held to mean one thing in the certificates and something else in the pleading. It may be noted that the defendant has pleaded as an affirmative defense, without objection on the part of plaintiff, that plaintiff was not a holder of record on the books of the company of the preferred stock.

That plaintiff offered to surrender the preferred stock certificates and demanded certificates of common stock on or about February 7, 1927, and performed all conditions by him to be performed, and that on February 8, 1927, defendant failed, neglected, and refused to deliver common stock certificates, sufficiently sets forth the breach of the agreement to convert on presentation and surrender.

■ The complaint alleges a breach of contract by the defendant, giving rise to a cause of action. If the plaintiff did anything after the cause of action arose, whereby he waived his right of action or released defendant from liability to him, or ceased to be a party in interest, these facts should be set up as an affirmative defense. In actions on negotiable instruments it has been held that it is unnecessary for the plaintiff to allege that he has not parted with possession or title. It will be presumed that he remained the owner and holder thereof until the contrary is made

to appear. First National Bank of Pittsburgh v. Edmund K. Stallo, 160 App. Div. 702, 145 N. Y. S. 747; Dart v. Van Horn, 63 Misc. Rep. 119, 115 N. Y. S. 1056; 8 C. J. 886, 890, 937, 939.

Likewise, it was unnecessary for plaintiff to allege that he was the holder of the stock at the time of bringing the suit. The allegation that he was the holder at the time the cause of action arose is sufficient. See contra Denney v. Cleveland & P. R. Co., 28 Ohio St. 108 (1875).

If the plaintiff transferred the stock before he brought the action and such transfer in legal effect constituted an election by plaintiff to waive his right of action or a release of defendant's liability to plaintiff, or if plaintiff thereby ceased to be the party in interest, as defendant contends, the fact that he did so transfer his stock may be pleaded as an affirmative defense, admitting but avoiding the cause of action.

Motion to strike out first affirmative defense is therefore granted, and motion to dismiss complaint denied.