Howard A. Zeller, J.
This is an action to recover on a check for $5,000 issued to plaintiff by defendant. At the close of the trial there was a directed verdict for plaintiff for $5,000. From the transcript of .the trial record it appears that, notwithstanding the verdict directed for plaintiff, defendant then moved for a directed verdict in her favor 11 on all of the grounds set forth in the Civil Practice Act, § 549, and the relevant sections ”, and to set aside the verdict directed for plaintiff as contrary to law, the evidence and the facts. Defendant’s brief requests the granting of a motion for judgment in her favor notwithstanding the verdict, and for dismissal of the complaint. The motion will be considered to be one to set aside the verdict *537 rendered for plaintiff by the jury upon direction of the court, and for a directed verdict in favor of defendant.
Plaintiff’s complaint sets forth the issuance to him of the check, its negotiability, and the refusal of the bank upon which it was drawn to honor the instrument on presentation by plaintiff because defendant had no account with the institution. Defendant’s answer consisted solely of a general denial. At trial plaintiff proved the allegations of his complaint.
On cross-examination during trial, and then by an offer óf proof, defendant attempted to show under her general denial the defenses that delivery of the check was conditioned upon subsequent events, that there was either no consideration or a failure of consideration, and that it was the intent of the parties at the time of the issuance and delivery of the check to consider it as something other than a check payable in money. Defendant also attempted to raise the further defense that the complaint did not comply with the requirements of section 442-d of the Real Property Law as the action essentially was one to recover brokerage commissions and was governed by that section.
Each of defendant’s efforts to elicit or submit proof pertaining to these defenses was objected to by plaintiff on the grounds that the defenses were affirmative in nature and could not be asserted under a general denial. Plaintiff’s objections were sustained at each point, and these rulings are now assigned as errors in law and fact requiring that the directed verdict for plaintiff be set aside and a verdict directed for defendant. At trial, defendant elected not to move to amend the answer so as to allege her defenses affirmatively.
In order to admit proof thereon, defendant is required to plead affirmatively all new matters either in avoidance of or otherwise constituting a defense to the plaintiff’s right of recovery set forth in his complaint — in this case the right of recovery on an instrument negotiable on its face (Civ. Prac. Act, § 261, subd. 2).
The defense of failure to comply with section 442-d of the Real Property Law governing actions to recover realty commissions is completely dehors both the allegations in the complaint and the instrument sued upon. It is therefore new matter not admissible of proof under a general denial.
Failure or lack of consideration is also a defense requiring affirmative pleading before proof thereof can be admitted. (Watson v. Universal Transp. Co., 194 App. Div. 136; Abrahamson v. Steele, 176 App. Div. 865; Ryan v. Sullivan, 143 App. Div. 471; Kopp v. Nichthauser, 118 Misc. 258.)
*538 Conditions mutually imposed upon the delivery of a negotiable instrument at the time of delivery by the maker to the payee which either delay or otherwise alter its nature and effectiveness as a prima facie negotiable instrument may certainly be shown. (Smith v. Dotterweich, 200 N. Y. 299; see First Nat. Bank & Trust Co. of Elmira v. Conzo, 169 Misc. 268.) However, this issue is not raised by defendant’s position, which is simply that under a general denial defendant can prove other written and oral agreements, allegedly existing between the parties and negating the prima facie effect of the check admittedly delivered into plaintiff’s possession. Since the complaint was brought solely upon the ostensibly negotiable instrument itself — which gave no hint of coexisting agreements and conditions — we are again dealing with new matter in avoidance of defendant’s prima facie liability on the check. As previously stated, such new matters must be set forth in the answer as affirmatively pled defenses. Among the purposes of such a requirement is the definition of issues and avoidance of surprise (Civ. Prac. Act, § 261, subd. 2; Abrahamson v. Steele, supra).
The court’s rulings at trial on these points, as on the matter of consideration, were based upon the theory that defendant should have affirmatively pled these new matters as defenses in her answer or by an amended answer. The court is still constrained to this view. (Watson v. Universal Transp. Co., 194 App. Div. 136, supra; First Nat. Bank of Pittsburgh v. Stallo, 160 App. Div. 702; Abrahamson v. Steele, supra.) Nor did these rulings work to deprive defendant of property without due process of law as defendant argues. The preclusion of her affirmative defenses resulted from defendant’s election not to move to amend her answer during the course of the trial after being made fully aware of the court’s holdings.
Defendant’s arguments presume in part that the maker-payee relationship of the parties in and of itself arbitrarily renders the payee something less than a holder for value. From such an erroneous presumption (First Nat. Bank & Trust Co. of Elmira v. Conzo, supra), defendant’s argument then further erroneously concludes that any and all defenses available against the plaintiff therefore are provable under a general denial. In the case most strongly urged upon the court by defendant, and superficially favorable to her views, there is implicit in the opinion the existence of affirmative allegations which moved the plaintiff out of the category of a holder for value into that of a holder with full knowledge of the defects, conditions and infirmities in and surrounding the instrument (Berler v. Grossman, 188 Misc. 201). In all other cases cited by defendant in *539 behalf of her argument the defenses under consideration by the respective courts had been affirmatively alleged.
Defendant’s motion to set aside the directed verdict for plaintiff and for a directed verdict for defendant should be denied. Submit order accordingly.