(156 App. Div. 807.)

### KERR v. SMITH et al.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

1. BILLS AND NOTES (§§ 147, 155*)—NEGOTIABLE INSTRUMENTS.

An instrument in the form of a note, promising to pay to the estate of S. upon her death a certain sum, was not negotiable; not being payable to order or bearer, or at a determinable future day, as required by Negotiable Instruments Law (Consol. Laws 1909, c. 38) §§ 20, 23.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 363, 407–410; Dec. Dig. §§ 147, 155.*]

2. BILLS AND NOTES (§ 465*)—ACTIONS—ALLEGATIONS—CONSIDERATIONS.

In an action on a nonnegotiable instrument, it is necessary to allege that it was executed for a consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1447, 1477–1479; Dec. Dig. § 465.*]

Appeal from Special Term, New York County.

See, also, 142 N. Y. Supp. 58.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

James R. Sloane, of New York City, for appellant.
Edward D. Bryde, of New York City, for respondent.

PER CURIAM. Appeal from an order denying defendant's motion, made on additional affidavits, to vacate an attachment.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

An inspection of the complaint shows that it states no cause of action, and that the attachment was improvidently granted.

The complaint contains 13 separate counts, substantially identical in form, the portions of which material to this appeal are as follows:

"That heretofore, and on or about the ——— day of ———, Addison Smith made and delivered to one Eliza M. Smith his promissory note in writing, dated on that day, and thereby promised to pay the estate of Eliza M. Smith, upon her death, the sum of ——— dollars."

. [1, 2] Instruments in the above form are not negotiable. They are payable neither to order nor bearer, nor are they payable at a "determinable future time." Neg. Inst. Law (Consol. Laws 1909, c. 38) §§ 20, 23; Rice v. Rice, 43 App. Div. 458, 60 N. Y. Supp. 97. It was therefore necessary to allege a consideration. Deyo v. Thompson, 53 App. Div. 9, 65 N. Y. Supp. 459. No such allegation appears.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

(156 App. Div. 808.)

### KERR v. SMITH et al.

(Supreme Court, Appellate Division, First Department. May, 1913.)

Appeal from Special Term, New York County.
Action by Emilie W. Kerr, as executrix of Eliza M. Smith, deceased, against Addison Smith and another. From an order denying a motion to vacate attachment on original papers, defendant named appeals. Reversed.
See, also, 142 N. Y. Supp. 57.
Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

James R. Sloane, of New York City, for appellant.
Edward D. Bryde, of New York City, for respondent.

