THE KAYNEE COMPANY, Plaintiff, *v.* SOL. LESNIK, Etc., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 21, 1932.

*Solomon S. Leff*, for the plaintiff.

*William B. Linder*, for the defendant.

CHILVERS, J. The first cause of action alleges that the plaintiff, a foreign corporation, sold and delivered to the defendants at their request merchandise of the value of $383.25, of which a balance remains due and unpaid although duly demanded. This states a good cause of action even though there is no allegation that the plaintiff has obtained authority to do business in this State, because it nowhere appears in the complaint that the plaintiff is engaged in doing business here or that the contract was made here. Both

these conditions must exist to render the cause of action insufficient for failure to obtain a certificate of authority. If the plaintiff was really engaged in doing business in this State and the contract was made here and no certificate was obtained under section 218 of the General Corporation Law, the defendants can allege these facts in their answer.

There are four other separate causes of action in the complaint. Each is on a postdated check of the defendants " wherein and whereby the defendants directed the Corn Exchange Bank Trust Company, Kingsbridge Road branch, to pay to the plaintiff " a certain sum. Not being payable to order, the instruments are not shown to be negotiable. A consideration is, therefore, not imported, and none is alleged. A postdated check is the equivalent of a note, but neither a check nor a note can support an action unless consideration was given for it. Since no consideration is alleged, each of these causes of action is bad.

Rule 94 of the Rules of Civil Practice, which was formerly section 534 of the Code of Civil Procedure, which in turn was derived from section 162 of the Code of Procedure, permits a plaintiff in suing on an instrument for the payment of money only to set forth a copy of the instrument and state that there is due on it a specified sum which he claims, and the mere setting forth of the copy with that statement is equivalent to setting forth the instrument " according to its legal effect." If the copy of the instrument set forth indicates that it is negotiable, the legal effect is that it was given for a consideration, because, under section 50 of the Negotiable Instruments Law, there is a presumption of consideration.

The Appellate Division, First Department, in *First National Bank* v. *Stallo* (160 App. Div. 702) has held that even where a copy of the instrument was not set forth, but where it was merely alleged that the defendants made their promissory note payable to the order of the plaintiff, there was a showing of a negotiable instrument and that the allegation of consideration therefor was not necessary. It is difficult to grasp the intent of rule 94 in the light of this decision of the Appellate Division. Suppose an instrument not negotiable is the basis of a cause of action and a copy thereof set out as provided in rule 94. Pleading under that rule in effect sets forth the instrument " according to its legal effect," but in legal effect a non-negotiable instrument does not import consideration because it is not within the purview of the Negotiable Instruments Law and never did import a consideration under the old law merchant. (*Kerr* v. *Smith*, 156 App. Div. 807.) If, on the other hand, the copy of the instrument that is set forth does indicate its negotiable character, the legal effect is of course

that consideration is imported. If the copy set forth indicates that it was a non-negotiable instrument that was given "for value received," those words in the copy will be read with the rest of the complaint so as to hold that, although not imported, the receipt of value has been sufficiently and expressly alleged. (*Prindle* v. *Caruthers*, 15 N. Y. 425.) But the setting forth of a non-negotiable instrument not containing those words carries no import or implied allegation of consideration. The Appellate Division has said that consideration is imported where a negotiable instrument was given even though a copy is not set forth; yet, if the instrument is non-negotiable, setting it forth does not import consideration. Unless rule 94 refers to negotiable instruments there seems to be no reason for its existence. And if it does so refer, pleading on a negotiable instrument without taking advantage of the rule would indicate that " the legal effect " and the imported consideration cannot be implied. If the instrument was non-negotiable, setting it forth does not help, because consideration would have to be expressly indicated in the pleading. If it was negotiable and a copy need not be set forth for the purpose of importing consideration, there is no need for rule 94.

But I am not met here with the problem of reconciling the reasons for rule 94 with that holding of the Appellate Division. The instruments alleged in the last four causes of action are not stated to have been payable to the order of the plaintiff. Nor are they stated to have been given for value received. There is, therefore, no showing of negotiability. The causes of action are bad for failure to allege that the instruments were given for a consideration.

Although the last four causes of action are bad, the first one, for goods sold and delivered, is good as above mentioned. The motion to dismiss, which is directed to the entire complaint, must, therefore, be denied. A demurrer under the former practice, when addressed to the entire complaint, was bad if one of the several causes of action alleged therein was good. A demurrer under the former practice and a motion to dismiss for insufficiency under the present practice must be directed to the respective causes of action if they are respectively to be questioned and not to the complaint in its entirety. (*Hale* v. *Omaha National Bank*, 49 N. Y. 626.)