WALTER SCHUMANN et al., Plaintiffs, v. LOEW'S INCORPORATED, Defendant.

Supreme Court, Special Term, New York County, January 31, 1951.

*J. Robert Rubin* and *Samuel D. Cohen* for defendant.

*Henry Pearlman* and *Frederic A. Johnson* for plaintiffs.

STEUER, J. The complaint alleges that the plaintiffs are grandchildren of Robert Schumann, the celebrated composer who died in 1856. It further alleges that the defendant produced and exhibited as a commercial venture a motion picture called the " Song of Love " which depicted the life of Robert Schumann. In this picture it is shown that Schumann became mentally ill and later died suffering from the mental illness. It is also shown that a sister of his was similarly afflicted. Plaintiffs allege that the production of the picture was without their consent.

There is no complaint of the accuracy of these, or any other incidents in the picture, or that Schumann was portrayed in an unfavorable light. The gravamen of the action is that the composer's affliction was previously known to few and is now known to many and that the fact that he and his sister were victims of a mental disease will give the impression to many that there was a family weakness which may have been transmitted to these plaintiffs, and this possible impression has damaged the plaintiffs.

The complaint has fifty-six causes of action. One relates to each of the forty-eight States, there is one for Alaska and Hawaii, one for Canada, one for Mexico, one each for Central and South America, one for the West Indies, one for Great Britain and the last is for the continent of Europe.

The motion is to dismiss the complaint. Plaintiff contends that if any cause of action is valid the motion must fail. This contention is unsound to the extent that on this motion any faulty cause of action may be dismissed.

Consideration will first be given to the cause of action said to arise in and be governed by the laws of New York. The pleader does not state whether damages are sought for libel or an invasion of the statutory right of privacy. On either ground the action must fail. On most elementary grounds there is no allegation that what was published concerning the plaintiffs was untrue. The allegation is that prior to the publication the fact was not generally known. This will not support an action for defamation. There are many other infirmities which need not be enumerated. Regarded as a statutory action under the Civil Rights Law it is at once apparent that neither the plaintiffs' names, descriptions or characters have been referred to for gain or profit. It is elementary that there is no cause of action for the invasion of the rights of another, no matter in what relationship to the plaintiffs. So there is no cause of action.

As regards the remaining causes of action plaintiffs in each instance have alleged that the facts constitute an injury to the memory of Schumann and an invasion of the plaintiffs' rights under the laws of the particular jurisdiction involved. Whether this is a sufficient pleading must be considered in the light of section 344-a of the Civil Practice Act which regulates the nature of proof of foreign law. The section provides that the court may in its discretion take judicial notice of a foreign statute or of the common law of another jurisdiction and further provides. " D. The failure of either party to plead any matter of law specified in this section shall not be held to preclude either the trial or appellate court from taking judicial notice thereof." It is argued that if the court upon trial may take judicial notice of the applicable foreign law without its being pleaded, the necessity for pleading that law disappears. The true intent of the statute can be gained from the existing law and a recognition of the situation it was designed to clarify and remedy. It was long the law that it would be assumed that in all civilized places the court should assume that the same rudimentary rights exist as are recognized here (*Cuba R. R. Co.* v. *Crosby*, 222 U. S. 473). And it was further assumed that common-law rights are alike in all common-law jurisdictions. These assumptions dispensed with both pleading and

proof. However both were rebuttable by proof. Section 344-a deals with the situation where the issue arises. It firstly allows the court to research the law of the foreign jurisdiction either with or without the aid of counsel precisely as if it were a matter of our own law and facilitates the use of statutory matter and reported decisions without the necessity of identifying proof. And it precludes the possibility of this proof being met with an objection that it was not pleaded. This liberality will naturally be reflected in pleading but it does not go to the extent of a direction that a plaintiff who relies for his rights on a statute of, say, Monaco or Costa Rica does not have to set that statute out. The pleading must be sufficient to enable the defendant to controvert the factual issue.

In this case plaintiffs refer to the laws of over one hundred different jurisdictions. The general terms of the complaint virtually defeat an answer. As the question of whether plaintiffs have any rights in these different jurisdictions is the principal issue in the case, disposition will be greatly facilitated by disposing of these questions in advance of trial. The effectual way of accomplishing this is to have the several laws on which plaintiffs rely set out, thus giving defendant an opportunity to meet it, if it can.

The motion is granted with leave to plaintiff to serve an amended complaint on or before March 1, 1951.