Martha L. Pfleuger, as Administratrix of the Estate of Herbert A. Pfleuger, Deceased, Respondent, *v.* Mabel G. Pfleuger, as Administratrix of the Estate of Herbert E. Pfleuger, Deceased, et al., Appellants.

Fourth Department, May 16, 1951.

*Edward H. Kavinoky* and *William J. Brock* for respondent.

*Franklin R. Brown* and *Frank A. Pfalzer* for Ralph R. Marks and Pontiac Auto Transport Co., appellants.

*Kimball, Smith, Miller, Murphy & Roberts* for Mabel G. Pfleuger, as Administratrix of the Estate of Herbert E. Pfleuger, deceased, appellant.

Vaughan, J. The questions presented by this appeal require us to determine (1) the sufficiency of the complaint considered in the light of section 344-a of the Civil Practice Act which permits any trial or appellate court in its discretion to take judicial notice of " 1. A law, statute  *  *  *  of a sister state " and

further provides " D. The failure of either party to plead any matter of law specified in the section shall not be held to preclude either the trial court or appellate court from taking judicial notice thereof ", and (2) whether the complaint states a cause of action under the laws of the State of Pennsylvania.

Considering first the sufficiency of the complaint in the light of section 344-a of the Civil Practice Act, we reach the conclusion that a party, upon a motion to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice may not avail himself of that section or any of the subdivisions thereof to sustain the sufficiency of the complaint. While the failure to plead a law or statute of a sister State does not deprive the court upon the trial of the action from taking judicial notice of the law or statutes of a sister State, nevertheless the court is not compelled to do so. (Civ. Prac. Act, § 344-a, subd. D.) If the court declines to take judicial notice, it follows that evidence would be inadmissible to establish the law of such sister State and the complaint would have to be dismissed.

Our problem, however, is one of pleading, not what action a trial court might take upon the trial of the action. The sole purpose of the statute is directed towards a simplification of the problem of proof and to " eliminate the necessity of introducing in evidence a copy of a decision or statute of a sister state or foreign country as a condition precedent to the court's taking judicial notice of its law." (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 279.) The section is a part of article 33 of the Civil Practice Act which relates generally to evidence and the method of its establishment upon a trial. Section 344-a provides in part that " any trial or appellate court, in its discretion, may take judicial notice " of the various matters of law set forth in the subdivisions of said section, including foreign statutes and laws and then provides in subdivision D that the failure to plead any of the matters of law referred to in the other subdivisions shall not preclude either the trial court or appellate court from taking judicial notice thereof. The language of the section clearly relates to the power of the trial court upon the trial of any action where the laws or statutes of a sister State or foreign country are not pleaded, and to the power of an appellate court upon appeal to take judicial notice of the applicable statutes of such sister State or foreign country to avoid a miscarriage of justice.

Power to take judicial notice of the laws or statutes of a sister State in order to sustain a pleading is not given by section 344-a of the Civil Practice Act to a court passing upon the

sufficiency of such pleading. To vest such power in a court other than the trial court or an appellate court would deprive the trial court in which the power of taking judicial notice is expressly vested from exercising such power upon the trial, thereby defeating the express purpose of the section, which we feel relates to the trial or appellate court before which the case is pending. A defendant is entitled to know what law or what statute plaintiff intends to invoke upon the trial of the action, not what statute or what law some judge sitting in Special Term may see fit to invoke in order to uphold the sufficiency of the complaint. It seems to us that the Legislature by the enactment of section 344-a of the Civil Practice Act did not intend to change the rules of pleading but that it simply intended to permit the trial and appellate courts before which the case is pending to judicially notice foreign law and statutes as a matter of discretion, in those instances where a party has failed to plead such law or statutes.

In *Chesny* v. *Chesny* (275 App. Div. 945), that court, in reversing an order of the Special Term denying defendant's motion to dismiss plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action, uses this language: " The complaint does not set forth the provisions of the statutes or other law of the State of California, or the substance thereof, upon which plaintiff bases conclusory statements in the complaint to the effect that certain described real property situate in the State of New York, and other undescribed personal property, are community property of the parties to this action, who are husband and wife, and of which plaintiff is entitled to one half."

In the case before us, the complaint merely alleges conclusory statements that the defendants violated the traffic laws and statutes and ordinances of the State of Pennsylvania and of the locality where the collision occurred. (See, also, *Schumann* v. *Loew's Inc.*, 199 Misc. 38.)

We reach the conclusion that section 344-a does not relieve a party from pleading a law or statute of a sister State upon which he relies and that in those instances where the pleading is attacked prior to trial because of such failure, the court passing upon the pleading may not take judicial notice of the law or statutes of such sister State to sustain the pleading. It follows that the order of Special Term should be reversed, with $10 costs and disbursements and the motion granted, with $10 costs with leave to plaintiff to serve an amended complaint.

In view of the disposition herein made, it becomes unnecessary to pass upon the sufficiency of the complaint under the Pennsylvania law.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs with leave to plaintiff to serve an amended complaint within ten days after service of a copy of the order herein. [See *post*, p. 1022.]