ANTHONY CARBONE, Plaintiff, *v.* ANGELA G. D. CARBONE, Defendant.

Supreme Court, Special Term, Kings County, September 5, 1951.

*Albert Martin Cohen* for defendant.

*Sable & Bisgaier* for plaintiff.

HART, J. Defendant's motion to dismiss the first cause of action pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice is denied. The motion is predicated on the theory that the cause of action pleaded is for an annulment on the ground of fraud and that therefore the six-year Statute of Limitations after the discovery of the fraud applies. This premise is incorrect. None of the essential constituents of a fraud action, i.e., representation, falsity, *scienter,* deception and damage are pleaded. (*Hanlon* v. *Macfadden Publications,* 302 N. Y. 502, 509, citing *Ochs* v. *Woods,* 221 N. Y. 335, 338, and *Reno* v. *Bull,* 226 N. Y. 546, 550.) The complaint alleges in effect facts purporting to show that the marriage ceremony in Maryland was void by reason of the violation of laws and statutes of that State and seeks judgment declaring the marriage a nullity.

The motion, however, to dismiss the first cause of action for insufficiency is granted. Plaintiff has failed to allege as facts the requisite Maryland statutes and laws which would establish the nullity of the marriage. Plaintiff's reliance on section 344-a of the Civil Practice Act is without justification. That section merely authorizes the trial court to take judicial notice of the laws and statutes of a sister State or foreign country and permits the trial court to do its own research but does not obviate the necessity of pleading those laws. (*Schumann* v. *Loew's Inc.,* 199 Misc. 38.)

The purpose and scope of section 344-a of the Civil Practice Act are clearly set forth in the opinion of Mr. Justice VAUGHAN in the case of *Pflueger* v. *Pflueger,* writing for the Appellate Division, Fourth Department (278 App. Div. 247, 249, decided May 16, 1951). The opinion concludes as follows: " We reach the conclusion that section 344-a does not relieve a party from pleading a law or statute of a sister State upon which he relies and that in those instances where the pleading is attacked prior to trial because of such failure, the court passing upon the

pleading may not take judicial notice of the law or statute of such sister State to sustain the pleading."

Defendant's motion to dismiss the second cause of action for separation, though made pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, will be granted because of plaintiff's failure to comply with rule 280 of the Rules of Civil Practice which requires that in an action for separation the complaint must specify particularly the nature and circumstances of a party's misconduct, setting forth the time and place of each act complained of with reasonable certainty. Plaintiff has pleaded a course of conduct without stating the time or place of any of the acts of misconduct.

Plaintiff will be granted ten days after the entry of the order and the service of a copy thereof with notice of entry thereon to plead anew. Settle order on notice.