ALLEN P. GOLDEN, Respondent, v. EASTERN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

*Per Curiam.* If defendant's demand for a bill of particulars is lengthy, it is necessarily so because of the length and prolixity of the plaintiff's pleading containing sixty-one separate paragraphs and numerous general conclusory allegations of fact therein. Plaintiff has resisted every effort to reduce his complaint to a plain and concise statement of the causes of action alleged. Plaintiff makes most serious charges against defendant, an insurance corporation, including general claims that defendant knew or ought to have known of the alleged dishonesty of its agent. Defendant's demand addressed to this complaint is not so unreasonable and burdensome as to constitute an abuse of the right to a bill of particulars and require denial thereof in its entirety. To meet plaintiff's charges and make general allegations in the pleading reasonably certain and prevent surprise at the trial, defendant is entitled to most of the particulars demanded.

The order appealed from vacating *in toto* defendant's demand for a bill of particulars should be reversed, without costs, and plaintiff's motion granted so as to vacate or deny only items 8, 18, 24, 25, 26, 27, 29, 30, 31, 42, 43 and 44. If plaintiff is unable to answer specific items demanded, he may so state under oath. Settle order.

Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ., concur.

Order vacating *in toto* defendant's demand for a bill of particulars unanimously reversed, without costs, and plaintiff's motion granted so as to vacate or deny only items 8, 18, 24, 25, 26, 27, 29, 30, 31, 42, 43 and 44. If plaintiff is unable to answer specific items demanded, he may so state under oath. Settle order on notice.

ELIZABETH M. SHER, Respondent-Appellant, v. CENTROTEX, LTD., Appellant-Respondent.— The writing of June 3, 1950, although labeled "Confirmation of Order" was in reality a counteroffer as to the remaining 30,000 yards, which called for some affirmative act of acceptance on the part of the plaintiff before it could materialize into a binding contract. Accordingly, the order is modified by granting judgment in favor of the defendant, dismissing so much of the complaint as seeks damages for the nondelivery of the goods covered by the June 3d writing, and otherwise affirmed, with costs to the defendant. Present — Peck, P. J., Glennon, Cohn, Callahan and Bergan, JJ.; Cohn, J., dissents and votes to affirm. Settle order on notice. [See 282 App. Div. 760.]