Francis E. Rivers, J.
The forms and substance of the agreement for round-trip transportation were arranged by the defendant, which prepared the various forms in use. The defendant could have so prepared the agreement of transportation as to make the round-trip contract one governed by the law of New York. Instead, the defendant chose to furnish the plaintiff with a so-called contract of passage only for the eastbound portion of the voyage. For the return trip the plaintiff was furnished in New York with a so-called prepaid westbound order to be exchanged in Sweden for a westbound passage contract. Thus, the contract for the return trip was made in Sweden when the plaintiff surrendered her westbound order and received in lieu thereof a ticket which was the contract. As this transaction' took place in Sweden, it is governed by the law of Sweden. The so-called westbound order was no different than a money order or cash itself. By surrendering it the plaintiff received a contract for her westbound passage exactly as would have been the case if she had given up money instead of the westbound order. It may be true that the plaintiff and defendant contracted in this country for the making of another contract in Sweden which would be subject to the same terms and conditions as that which had been made in New York covering the eastbound passage, but when the contract for the westbound passage was actually made in Sweden it was subject to the law of Sweden. Moreover, the injuries of which the plaintiff complains apparently occurred on the high seas on a Swedish-owned ship and thus constructively within Swedish territory. It therefore becomes necessary to determine whether the one-year period of limitation provided in the contract is valid under Swedish law (cf. Jansson v. Swedish American Line, 185 F. 2d 212). As the court has not been informed by either party concerning the applicable Swedish law, although plaintiff contends that the short period of limitation provided in the contract is invalid under that law, the defendant’s motion for summary judgment is denied without prejudice to renewal upon proper proof of Swedish law. Although the court may now take judicial notice of foreign law, nothing has' been placed before me which is informative or helpful in that connection. A question of foreign law, if seriously disputed, is sometimes best determined at the trial (cf. Wagner v. Derecktor, 306 N. Y. 386).