(October 11, 1955.)

■

ADALBERT GREINER, Respondent, v. HANS J. FREUND, Appellant.

*Per Curiam.* In its decision dismissing the first cause of action in the original complaint for legal insufficiency, this court upon the prior appeal gave plaintiff leave to "allege facts, if any exists, sufficient to charge defendant with an obligation to file a claim against the representative of the corporation for the full amount of the debt" (284 App. Div. 945). Plaintiff has endeavored to comply by pleading defendant's obligations under the laws of Austria. However, he has indulged in sheer conclusions about the ultimate effect of the laws upon the rights and obligations of the parties, and made no effort to set out the text or substance of the laws upon which he allegedly relies.

The complaint gives no hint as to the nature or identity of the laws, as to whether they are statutory or decisional; and furthermore, the complaint fails to outline even in the barest of terms the purport of the allegedly applicable laws as allegations of fact. In this instance such failure would especially hamper defendant in answering the complaint, since Austria is a country with a codified system of laws. The transaction here involved may fall within any one or more of several statutory codes. Plaintiff may not ask a court, under the permissive provisions of section 344-a of the Civil Practice Act, to take judicial notice of laws where merely their purported effect is pleaded in complete disregard of the requirement of the plain and concise statement of material facts recited in section 241 of the Civil Practice Act.

The second cause of action, which alleges that defendant has been unjustly enriched to the extent of one third of the amount sought in the first cause of action, was upheld by this court upon the previous appeal and is in no wise affected by the above-noted deficiencies of the first cause of action. Accordingly, the order appealed from should be modified to the extent of dismissing the first cause of action and otherwise affirmed.

Cohn, J. P., Bastow, Botein, Rabin and Cox, JJ., concur.

Order unanimously modified to the extent of granting defendant's motion to dismiss the first cause of action herein and, as so modified, affirmed.