Joseph A. Gavagan, J.
The plaintiffs seek to recover a judgment against the defendant upon a series of promissory notes signed and delivered by the defendant to the plaintiffs monthly from January 8, 1949 to August 10, 1950 aggregating the total sum of $6,475. The plaintiffs and defendant are related, the defendant’s wife being the daughter of the plaintiffs.
The evidence establishes that over a period of years the plaintiffs had advanced to either the defendant or his wife, large sums of money and I am satisfied such advances were motivated by the desire of the plaintiffs to aid the defendant in maintaining a social status commensurate with the one the defendant’s wife enjoyed prior to her marriage. There came a time when the defendant and his wife contemplated the purchase of a home on Long Island and the plaintiffs discussed with the defendant the suitableness of several sites, in particular, the one finally purchased. Conversations then arose as to the addition of an office extension which was thereafter built. Soon consultations began between the parties concerning the inability of the defendant, a young medical doctor, to meet his financial obligations, terminating in an agreement between them, whereby plaintiffs agreed to advance monthly to the defendant such sum of money as represented the difference between his earnings and his expenses. Each month plaintiffs would send defendant a check for such sum and defendant would return a “note”. This financial arrangement commenced sometime in 1947 and continued to and including August 10, 1950.
Since that time no demand for payment of the notes was ever made. I find that the only demand was this action commenced in February, 1955. The evidence also establishes and it is conceded that the prior notes commencing in 1947 up to Decem *848 ber, 1948 (approximately 14 or 15 notes) were returned by the plaintiffs to the defendant marked “ cancelled ” as shown by defendant’s Exhibit A. It is also conceded that the defendant never paid any of these cancelled notes and he resists payment on the present notes upon the ground that the moneys represented by them were given to him as gifts to aid him to maintain plaintiffs’ daughter in the style to which she was accustomed prior to the marriage. The notes in suit are nonnegotiable — hence, no presumption of consideration may be imparted to them (Owens v. Blackburn, 161 App. Div. 827; Kerr v. Smith, 156 App. Div. 807; Matter of Knauss, 66 N. Y. S. 2d 828; Matter of Nettle, 91 N. Y. S. 2d 255, affd. 276 App. Div. 929).
The notes being nonnegotiable in. form (Negotiable Instruments Law, § 20) the burden rested upon the plaintiffs to establish a valid consideration for them. The testimony of the parties as to the return of the series of prior notes marked cancelled, coupled with the concession that no demand was ever made for payment of any note, that the last note was dated August 10, 1950 (a period of almost five years before suit), plus the significant fact that this action was commenced several months subsequent to the marital troubles between defendant and his wife, constrains the conclusion that the payments of money by the plaintiffs to the defendant were intended to be and were gifts, not loans; that whatever may have been the plaintiffs’ intendment for the delivery to them of the notes in question, they were not intended to create legal liabilities and they did not so create such liabilities. The transactions between the parties constituted gifts of money, hence no valid consideration to create a legal liability was ever received by the defendant.
I find and decide that the dealings between these parties constituted gifts motivated by filial love; that there was at no time an intention to create legal liabilities to the detriment of the defendant and that eventually the notes sued upon would have been returned to him, as was the series of prior notes, save for the happening of marital difficulties between him and his wife.
Accordingly, judgment is directed to be entered in favor of the defendant against the plaintiffs.
This memorandum will constitute compliance with section 440 of the Civil Practice Act.