**H. Boyce LUCKETT, Plaintiff,**

v.

**Manuel COHEN, Defendant.**

United States District Court
S. D. New York.
July 23, 1956.

156

Kalman I. Nulman, New York City, for plaintiff.

Schwartz, Nathanson & Cohen, New York City, for defendant (George H. Schwartz, Paul E. Gelbard, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

Defendant moves to dismiss this action on a promissory note for failure to state a claim upon which relief can be granted because, he argues, it fails to make two necessary allegations, (1) the consideration for the note, and (2) the foreign law upon which the complaint is based. In the alternative defendant moves to vacate a notice to take his deposition because the notice requires the production of certain books and records.

This motion points up interesting questions of federal pleading and the perplexing problems that confront a defendant because of the modern trend of simplicity and brevity of pleading. Cf. Rule 84, Fed.R.Civ.P., 28 U.S.C.

Jurisdiction is based on diversity, plaintiff being a resident of California and defendant of New York. A copy of the note sued on is not attached nor is it quoted verbatim, but its legal effect is pleaded without, however, giving either the date of its making, the place of delivery or where payment was to be made. The actual pleading reads: "Defendant, prior to the 15th day of June, 1953, executed and delivered to Cia Maritima Mexicana, S.A. de C.V., a corporation organized and existing under the laws of the Republic of Mexico, plaintiff's assignor, a promissory note whereby defendant promised to pay to the said Cia Maritima Mexicana, S.A. de C.V. One Hundred Thousand Mexican Pesos on or before June 15, 1953, and further agreed that if the said sum was not paid upon the due date, there should become due and payable in addition, interest at the rate of 8% per annum, together with all expenses that may be incurred in collecting the same." It then alleges that the note was assigned for a valuable consideration to the plaintiff and that the defendant owes 88,705 Mex. P. (after giving credit for a payment on account) together with interest at the rate of 8%, described as "lawful interest under the laws of the Republic of Mexico" together with counsel fees.

Assuming the New York law relating to non-negotiable notes and the pleading of foreign law was applicable, counsel for defendant cites numerous cases sustaining his position that consideration must be alleged in a complaint on a non-negotiable note and that foreign law must be pleaded despite the liberality of the New York Civil Practice Act, § 344–a. First National Bank of Pittsburgh v. Stallo, 1st Dept. 1914, 160 App.Div. 702, 145 N.Y.S. 747; Spear v. Associated Producing & Refining Corp., 1923, 120 Misc. 518, 199 N.Y.S. 84; Kerr v. Smith, 1st Dept. 1913, 156 App.Div. 807, 142 N.Y.S. 57; Donnelly v. Bauder, 4th Dept. 1926, 217 App.Div. 59, 216 N.Y.S. 437; Greiner v. Freund, 1st Dept. 1955, 286 App.Div. 996, 144 N.Y.S.2d 766; Schumann v. Loew's, Inc., 1951, 199 Misc. 38, 102 N.Y.S.2d 572; Pfleuger v. Pfleuger, 4th Dept. 1951, 278 App.Div. 247, 105 N.Y.S.2d 427; Carbone v. Carbone, 1951, 200 Misc. 437, 109 N.Y.S.2d 853.

Plaintiff replies that he has conscientiously followed Official Form 3 in the Appendix of Forms to the Federal Rules of Civil Procedure and pursuant thereto pleaded the legal effect of the note in all its simplicity, ever mindful of Rule 84 which provides, "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Unfortunately both counsel seem to be unaware of the court's problem and duty. If the court is to determine whether the complaint states a claim upon which relief can be obtained it has to examine it under some applicable law. Since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 this fed-

eral court in diversity cases must apply the conflict of laws rule of New York. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. That law has been authoratively examined in Mason v. Rose, 2 Cir., 1949, 176 F.2d 486; cf. Auten v. Auten, 1954, 308 N.Y. 155, 124 N.E.2d 99; also Restatement of Conflicts, § 350, as to assignments. But the New York conflicts law would be of no avail in the present case. Nowhere in the complaint is it stated where the note was made or delivered, or where it was to be paid, so even if the New York conflict of laws rule has to be applied it cannot intelligently be applied to this complaint without further pleaded facts.

Plaintiff relies for the sufficiency of his complaint on the forms adopted by the Supreme Court when the rules were promulgated. Although plaintiff claims that he has conscientiously followed Official Form 3, such form, although not in express language, seems to be a form for a complaint on a negotiable promissory note. In any event plaintiff has not followed the form. The form gives the pleader three alternatives. Obviously the plaintiff has not adopted the first two alternatives since he has not pleaded the note verbatim nor has he annexed a copy. If he is following the third alternative he has left out the phrase "or order" which would make the note a negotiable one. But whether he did or not it seems that simplicity and brevity in the instant case places an undue burden on defendant as well as the court. True, the defendant can plead lack of consideration as a defense, Rule 8(c), but why should not the plaintiff seeking relief state the nature of his claim, at least sufficiently so the court can perform its duty in saying whether it is a claim upon which any relief can be had. Must it wait until the defendant answers and depositions are taken and the case appears on the trial calendar? Simplicity must include the ability to dispose of issues simply.

Insofar as the motion claims the complaint is defective because of its failure to plead foreign law, such motion at the present time is not well taken. The complaint does not state where the note was made, delivered or was to be paid and, therefore, the question of foreign law is not presented although there is an inference that Mexican law is applicable. However, assuming Mexican law is the law to be applied, why should not plaintiff plead the law he thinks applicable. His answer is that the Court of Appeals for the Second Circuit in so many words has said it was not necessary. Siegelman v. Cunard White Star, 2 Cir., 1955, 221 F. 2d 189, 196. Although he might not have to plead it under Siegelman he would be better advised to do so since he will eventually have to prove it, if in fact Mexican law is the applicable law. Cf. Walton v. Arabian American Oil Co., 2 Cir., 1956, 233 F.2d 541.

Accordingly, the motion to dismiss is granted with leave to serve an amended pleading in 20 days and the motion to vacate the notice to take defendant's deposition is denied, that notice now being moot.

This is an order. No settlement is necessary.