Jacob J. Schwartzwald, J.
This motion was made to dismiss the first and second causes of action contained in the amended complaint. Upon the argument the second cause of action was withdrawn and discontinued in open court, so that the present attack is limited to the first cause of action on the grounds that the court has no jurisdiction of the subject of the action and further that it does not state facts sufficient to constitute a cause of action.
The plaintiff sues herein individually and as administrator of the estate of Mieczyslaw; Szarf, deceased. The amended cbm *182 plaint alleges that plaintiff is the son and only next of kin of the decedent; that on or about November 9, 1950, in West Berlin, Germany, defendant entered into an oral agreement for a joint venture with said Mieczyslaw Szarf whereby defendant agreed to purchase coffee and cocoa for the sum of $30,000 advanced by the plaintiff’s father to the defendant and upon the sale thereof the net profits realized thereon would be divided 80% to the plaintiff’s father and 20% to the defendant. It was further agreed between them that if Mieczyslaw Szarf should die before the termination of the joint venture or before the division of said profits, defendant should account to the plaintiff and turn over to him all money and merchandise to which said Mieczyslaw Szarf was entitled pursuant to this agreement; that plaintiff’s father died one week after the said agreement was made; that defendant has refused to account for said money, for the proceeds of sales which he may have made, although such an accounting has been duly demanded, or to pay to plaintiff the unexpended portion of said money, or the amount due plaintiff out of the proceeds derived by defendant from such sales or in any way to account therefor; and that defendant holds in his hands, as trustee, said sum of $30,000 or the unexpended portion thereof and the proceeds of the sales of said merchandise, a portion of which is the property of the plaintiff, for which, as aforesaid, he refuses to account.
The facts alleged are sufficient to set forth a cause of action for an accounting in equity (4 Carmody-Wait on New York Practice, §§ 183 et seq., pp. 274-278; Reinhard v. Reinhard, 56 N. Y. S. 2d 160, and eases therein cited).
There is no merit to the objection that the court has not jurisdiction of the subject matter of the action. Neither is the complaint dismissible for the asserted misjoinder of parties plaintiff (Civ. Prac. Act, § 192; Rules Civ. Prac., rule 102).
However, there is merit to the objection that the complaint inadequately pleads the law of West Germany. Section 13 of the Civil Practice Act provides, insofar as material herein: ‘ ‘ Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action ”. In an endeavor to comply with that statute, the complaint herein contains the sheer conclusory allegation (par. 8) that “ By the laws of West Germany or the State of New York the time limitation for the bringing of this cause of action had not expired before the commencement of this action.” *183 This is not in conformity with section 241 of the Civil Practice Act, which requires a pleading to contain a plain and concise statement of material facts. As stated in the comparable case of Greiner v. Freund (286 App. Div. 996, 997): “ Plaintiff may not ask a court, under the permissive provisions of section 344-a of the Civil Practice Act, to take judicial notice of laws where merely their purported effect is pleaded in complete disregard of the requirements of the plain and concise statement of material facts recited in section 241 of the Civil Practice Act.”
Although the court may now take judicial notice of foreign law (Civ. Prac. Act, § 344-a), it is the court’s view that in the interest of avoiding the miscarriage of justice and for greater certainty, the court will not, in its discretion, take judicial notice of the applicable laws of West Germany.
The plaintiff is given an opportunity to amend his complaint and set out the substance and effect of the foreign law as found in the statutes and judicial opinions, in such a manner as to enable the court to determine the meaning and effect thereof, so that any dispute with respect to such foreign law may best be determined at the trial. (See Sundberg v. Aktiebodget Svenska Amerika Linien, 6 Misc 2d 1069; Wagner v. Derecktor, 306 N. Y. 386.)
Accordingly, the motion to dismiss is granted with leave to plaintiff to serve an amended complaint. Settle order on notice.