■ PENN-TEXAS CORPORATION et al., Respondents, v. LOUIS J. GLICKMAN et al., Appellants, et al., Defendants.

Order granting plaintiffs' motion to vacate defendants' (Louis J. Glickman, Glickman Corporation, Glickman Servicing, Inc., and Realty Appraisers, Inc.) demand for a bill of particulars is affirmed, with $20 costs and disbursements to plaintiffs-respondents. The said demand is replete with requests for " the means " by which the defendants are alleged to have acted and is otherwise excessive and indiscriminate. The demand is also too indefinite and vague and not sufficiently explicit to admit of responsive particulars. The demand should be confined to requests for particulars as to time, place and participants in respect of the alleged conspiracy and acts in furtherance thereof. As to communications, the defendants may be entitled to the substance thereof, if oral, and, if written, copies thereof. The defendants may serve another demand for particulars. Subdivision 9 of rule XI of the New York County Supreme Court Trial Term Rules provides generally for service upon a party to be examined of a bill of particulars prior to his examination if he has served a timely demand therefor. Implicit therein is the requirement of a proper demand which we find was not served by these defendants. Under the circumstances here present, plaintiffs' examination of the defendants need not await the service of a proper demand and proceedings thereon.

Order granting plaintiffs' motion to vacate defendants' (Louis J. Glickman, Glickman Corporation, Glickman Servicing, Inc. and Realty Appraisers, Inc.) notice of examination before trial of plaintiffs and denying the so-called cross motion of said defendants to vacate plaintiffs' notice of examination is modified, on the law, on the facts and in the exercise of discretion, to the extent of denying the said motion of the plaintiffs, and is otherwise affirmed, without costs. The defendants' right to examine the plaintiffs is not challenged. However, the examination of the plaintiffs shall follow the completion of the examination of the defendants.

Order granting plaintiffs' motion to vacate defendants' (Charles F. Noyes Company, Inc. and Duncan M. Findlay) demand for a bill of particulars is reversed, on the law and in the exercise of discretion, and the motion is. denied, with $20 costs and disbursements to defendants-appellants (Noyes and Find-

lay). In a conspiracy action wherein the complaint contains 207 enumerated allegations, the demand for particulars of the defendants herein is not so unreasonable and burdensome as to constitute an abuse of the right to a bill of particulars and to require the denial thereof in its entirety. (*Golden* v. *Eastern Life Ins. Co. of N. Y.*, 281 App. Div. 1014; *Dwyer* v. *Byrne*, 280 App. Div. 832.) The bill of particulars shall be furnished in advance of plaintiffs' examination of said defendants. (New York County Supreme Court Trial Term Rules, rule XI, subd. 9.)

Order granting plaintiffs' motion to vacate defendants' (Charles F. Noyes Company, Inc. and Duncan M. Findlay) notice of examination before trial of plaintiffs is reversed, on the law, on the facts and in the exercise of discretion, and the motion is denied, with $20 costs and disbursements to defendants-appellants. The plaintiffs do not challenge the right of said defendants to examine the plaintiffs before trial. However, plaintiffs are entitled to priority in respect of their examination before trial of said defendants. Consequently, the examination by the defendants will follow the completion of the examination by the plaintiffs.

Order denying defendants' (Charles F. Noyes Company, Inc. and Duncan M. Findlay) motion to vacate plaintiffs' notice of or stay the examination before trial of said defendants is modified, on the law, on the facts and in the exercise of discretion, to provide that said examination shall follow the service of a bill of particulars upon said defendants, and is otherwise affirmed, without costs.

Order granting plaintiffs' motion to vacate defendants' (Jack D. Weiler and Helen Eisenstein) demand for a bill of particulars is affirmed, with $20 costs and disbursements to plaintiffs-respondents. The said demand is excessive and indiscriminate as to writings, documents, resolutions and acts. The demand should be confined to requests for particulars as to time, place and participants in respect of the alleged conspiracy and acts in furtherance thereof. As to communications, the defendants may be entitled to the substance thereof, if oral, and, if written, copies thereof. The defendants may serve another demand for particulars. Subdivision 9 of rule XI of the New York County Supreme Court Trial Term Rules provides generally for service upon a party to be examined of a bill of particulars prior to his examination if he has served a timely demand therefor. Implicit therein is the requirement of a proper demand which we find was not served by these defendants. Under the circumstances here present, plaintiffs' examination of the defendants need not await the service of a proper demand and proceedings thereon.

Order granting plaintiffs' motion to vacate defendants' (Jack D. Weiler and Helen Eisenstein) notice of examination before trial of plaintiffs is reversed, without costs, on the law, on the facts and in the exercise of discretion, and the motion is denied. Plaintiffs do not challenge the right of said defendants to examine the plaintiffs. However, the examination of the plaintiffs by said defendants shall follow the completion of plaintiffs' examination of the defendants.

Order denying defendants' (Jack D. Weiler and Helen Eisenstein) motion to vacate plaintiffs' notice of or stay the examination before trial of said defendants is affirmed, with $20 costs and disbursements to plaintiffs-respondents.

Order granting plaintiffs' motion to vacate defendant's (Sidney M. Barton) demand for a bill of particulars is reversed, on the law and in the exercise of discretion, and the motion is denied, with $20 costs and disbursements to defendant-appellant. In a conspiracy action wherein the complaint contains 207 enumerated allegations, the demand for particulars of the defendant herein

is not so unreasonable and burdensome as to constitute an abuse of the right to a bill of particulars and to require the denial thereof in its entirety. (*Golden* v. *Eastern Life Ins. Co. of N. Y.*, 281 App. Div. 1014; *Dwyer* v. *Byrne*, 280 App. Div. 832.) The bill of particulars shall be furnished in advance of plaintiffs' examination of said defendant. (New York County Supreme Court Trial Term Rules, rule XI, subd. 9.)

Order granting plaintiffs' motion to vacate defendant's (Sidney M. Barton) notice of examination before trial of plaintiffs is reversed, on the law, on the facts and in the exercise of discretion, and the motion is denied, with $20 costs and disbursements to defendant-appellant. The plaintiffs do not challenge the right of said defendant to examine the plaintiffs before trial. However, plaintiffs are entitled to priority in respect of their examination before trial of said defendant. Consequently, the examination by the defendant will follow the completion of the examination by the plaintiffs.

Order denying defendant's (Sidney M. Barton) motion to vacate plaintiffs' notice of or stay the examination before trial of said defendant is modified, on the law, on the facts and in the exercise of discretion, to provide that said examination shall follow the service of a bill of particulars upon said defendant, and is otherwise affirmed, without costs. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.