Morrie Slifkin, J.
Defendant moves to vacate plaintiff’s demand for a bill of particulars concerning defendant’s counterclaim for a divorce. The motion is disposed of as hereinafter set forth.
Complexity and prolixity beget complexity and prolixity. If plaintiff’s demand for a bill of particulars is lengthy, it is necessarily so because of the length and prolixity of defendant’s counterclaim. Under these circumstances, the court does not regard defendant’s demand as being so unreasonable and burdensome as to constitute an abuse of the right to a bill of particulars. (See Golden v. Eastern Life Ins. Co., 281 App. Div. 1014; Malan Constr. Corp. v. Allis-Chalmers Mfg. Co., 35 A D 2d 788; Fetter v. Freidus, 24 A D 2d 434.)
In support of the motion, defendant further urges that this court will not require a bill of particulars concerning pleading setting forth a course of conduct.
CPLR 3016 (subd. [c]) sets forth a rule of pleading which by the terms of the statute relates only to an action for separation. This section is read in conjunction with section 200 (subd. 1) of the Domestic Relations Law which sets forth the statutory grounds for a decree of separation, based upon the cruel and inhuman treatment of the plaintiff by the defendant. The language of that subdivision in turn is repeated exactly in subdivision (1) of section 170 of the Domestic Relations Law as constituting a ground for a decree of divorce. No distinction is made between the nature or the level of proof required to establish cruel and inhuman treatment insofar as it may relate either to an action for a decree of separation or an action for a decree of divorce. In this court’s opinion, the same standards for pleading a cause of action based upon cruel and inhuman treatment apply equally to a pleading seeking a decree of divorce and to a pleading seeking a decree of separation. (See 3 "Weinstein-Korn-Miller, N. T. Civ. Prac., par. 3016.08 et seq.)
CPLR 3016 (subd [c]) requires that the nature, circumstances, time and place of each act of misconduct be pleaded. (Carbone v. Carbone, 200 Misc. 437; Kurez v. Kurez, 13 A D 2d 954.) The counterclaim pleaded by defendant fails to comply with the statutory rule.
To the extent that defendant urges upon the court that prior decisional law requires no bill of particulars when pleading a course of conduct, this court holds that the legislative policy of the CPLR as disclosed by the section above referred to in this decision, as well as the provisions of CPLR article 31, have effectively overruled that position.
*1026 The original basis for the so-called “ course of conduct ” rule above referred to is based upon Earle v. Earle (79 App. Div. 631). It is to be noted the language of that decision states that the answer (treated as a complaint) sets forth jnany particulars of the cruel and inhuman treatment relied on by the defendant (as plaintiff) and that some of the allegations set forth a general course of conduct. The court then goes on to say that if the opposing party is surprised by the introduction of evidence “ not sufficiently foreshadowed ”, the Trial Judge shall grant a suitable adjournment to afford the plaintiff ample opportunity to meet such proof.
Reluctantly, the calendar pressures which presently prevail no longer permit the leisurely course outlined by the court in 1903. The statutory policy of disclosure, the statutory rule relating to pleading hereinabove cited and the mounting calendar pressures occasioned by the demise of the Mexican divorce, compel a rule which requires specificity in pleadings to the end that the other party be fully apprised of the facts upon which a cause of action is based and which represent the scope of the evidence to be received by the court.
The foregoing rationale compels a determination that the motion to vacate plaintiff’s demand for a bill of particulars be denied unless within 20 days after service of a copy of the order to be entered herein, defendant serves an amended counterclaim complying with the provisions of CPLR 3016 (subd. [c]).